IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| AMELIA KELLY, & JANET NORTHRUP<br>Plaintiffs<br><br>V.<br><br>MATTHEW D. WIGGINS, JR.<br>D.L. HAMMAKER<br><br>Defendants | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | ADVERSARY NO. 13-_____<br><br><br>Relates to bankruptcy case no. 12-80534 and adversary no. 13-08001 pending before the US Bankruptcy Court in the S.D. of Texas. |

## NOTICE OF REMOVAL

Matthew D. Wiggins, Jr., and D.L. Hammaker, Defendants in the above captioned cause files this notice of removal under 28 U.S.C. § 1452(a).

### A. Introduction

1.      Plaintiff Amelia Kelly is the Debtor in the above styled Chapter 7 case.

2.      Plaintiff Janet Northrup is the Chapter 7 trustee in the above styled bankruptcy case.

3.      Defendant  Matthew D. Wiggins, Jr., is an individual and a citizen of the State of Texas, and a creditor in the Chapter 7 bankruptcy case.

4.      Defendant D.L. Hammaker is an individual and a citizen of the State of Texas.

5.      On or about November 4, 2013 Plaintiffs filed suit in the in the 405th Judicial District Court, Galveston County, Texas, Cause No. 13-CV-1392 (the "Lawsuit").

6.      Plaintiff Janet Northrup is currently suing Defendant Matthew Wiggins, Jr., in adversary proceeding 13-08001, before the United States Bankruptcy Court for the Southern

District of Texas, Galveston Division.  Adversary Proceeding 13-08001 seeks nearly identical relief as the Lawsuit, namely a declaratory relief as to the parties rights and an injunction prohibiting the foreclosure of the property.

7.      On October 23, 2012, Amelia Kelly filed a voluntary petition for relief under chapter 13, and subsequently converted to Chapter 7 of the Bankruptcy Code, initiating case number 12-80534 before the U.S. Bankruptcy Court in the Southern District of Texas, Galveston Division.

## B. Basis for Removal

8.      <u>Bankruptcy removal statute</u>.  Removal is proper because section 1452(a) of title 28 of the United States Code expressly provides for the removal of this suit by "any party."  11 U.S.C. § 1452(a) (2010).

9.      <u>Jurisdiction</u>.  First, under section 1334 of title 28, a district court, including this Court, has original jurisdiction of "all cases under title 11 [the Bankruptcy Code]," and of "all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(a)(b).

10.      <u>Referral to US Bankruptcy Court.</u>  Pursuant to of the United States District Court for the Southern District of Texas' General Order of Reference dated March 10, 2005, the case is automatically referred from the District Court to the Bankruptcy Court.

11.      <u>No consent necessary</u>.  All defendants who have been properly served are not required to consent to the removal of this case to federal court. Such consent is not necessary when, as here, there is an independent statutory right to remove. *See, e.g., Anstine & Musgrove, Inc. v. Calcasieu Ref.* Co., 436 B.R. 136, 139 (D. Kan. 2010) *citing Arrow Oil & Gas, Inc. v. J. Aron & Co.*, 2010 U.S. Dist. LEXIS 74189, 2010 WL 2898973, at *1 (W.D. Okla. July 22,

2010) ("the weight of authority" is that unanimity is not required); *PDG Los Arcos, LLC v. Adams* (In re Mortgages Ltd.), 427 B.R. 780, 789 (D. Ariz. 2010) (following the "weight of authority" in refusing to require unanimity); *New England Wood Pellet, LLC v. New England Pellet, LLC*, 419 B.R. 133, 141 (D.N.H. 2009) ("[m]ost courts" have not required unanimity); *Parrett v. Bank One, N.A.* (In re National Century Fin. Enters., Inc., Inv. Litig.), 323 F. Supp. 2d 861, 872 (S.D. Ohio 2004) (noting that "a majority of courts addressing the issue" have not required unanimity).  *See also Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1253 (9th Cir. 2006) (federal officer or agency can unilaterally remove under 28 U.S.C. 1442 without consent of other defendants).

   12.    Timeliness. This *removal* is timely under Federal Rule of Bankruptcy Procedure 9027(a)(3).

   13.    State court file.  Copies of *all* pleadings, process, and orders, are attached to this notice, together with a certified copy of the state court docket. **See Exhibit A**.

   14.    Venue.  Initial removal to this Court is proper because the state court where the suit has been pending is located within this federal district.  Fed.R. Bankr. P. 9027(a)(1) ("notice of removal shall be filed with the clerk for the district and division within which is located the state or federal court where the civil action is pending").

   15.    Notice *in* state court.  Defendants will promptly file a copy of this notice of removal with the clerk of the state court where the suit has been pending.

### C. Statement Required by Fed. R. Bankr. Proc. 9027(a)

   16.    The *removed* litigation contains core and non-core matters.  Core proceedings are those matters that have no existence outside of bankruptcy. 28 U.S.C. § 157(b)(1); *In re Gardner*, 913 F.2d 1515, 1518 (10th Cir. 1990). "Actions which do not depend on the

bankruptcy laws for their existence and which could proceed in another court are not core proceedings." *Id.*

**NOTICE OF CONSENT**

17.     Defendants Matthew Wiggins, Jr., and D.L. Hammaker consent to the entry of final orders by the U.S. Bankruptcy Court.

DATE: November 7, 2013

Respectfully submitted,
HOOVER SLOVACEK LLP

By: _____
T. JOSH JUDD
State Bar No. 24036866
5847 San Felipe, Suite 2200
Houston, Texas 77057
Telephone: 713.977.8686
Facsimile:  713.977.5395
BANKRUPTCY ATTORNEYS FOR MATTHEW
WIGGINS JR. & D.L. HAMMAKER

**CERTIFICATE OF SERVICE**

I hereby certify that on November 7, 2013, a complete copy of the foregoing Notice of Removal was served by U.S. First Class Mail to the parties listed below.

_____
T. JOSH JUDD

<u>SERVICE LIST</u>

Larry Vick
Attorney at Law
908 Town & Country Blvd, Suite 120
Houston, Texas 77024

Johnnie J. Patterson
Walker & Patterson, P.C.
P O Box 61301
Houston, Texas 77208-1301

Bradford Walk Orelan
Itelan Hargis PLLC
440 Louisiana  St, Ste 1800
Houston, texas 77002

Geroge F. May
Twomay May PLLC
Two Riverway, 15th Floor
Houston, Texas 77056

Timothy A. Beeton
2200 Market St, Ste 801
Galveston, Texas 77550-1576



# JOHN D. KINARD
## DISTRICT CLERK GALVESTON COUNTY

13 – CV – 1392
DCRESERV
Request for Service
743151



### REQUEST FOR ISSUANCE OF SERVICE

2013 NOV -1 PM 4:03

Date Requested _____

Case Number __13 CV 1392__     Court Description __405th__

**Type of Instrument to be served:** _____

<u>SERVICE TO BE ISSUED ON (Please list exactly as the name appears in the pleading to be served)</u>

Issue Service To __Matthew D. Wiggins, Jr__

Address of Service __620 8th St__

City, State & Zip __Kemah, Tx 77__

Agent (IF APPLICABLE) _____

### TYPE OF SERVICE TO BE ISSUED:

**Non Writs:**
- [x] Citation
- [ ] Alias Citation
- [ ] Pluries Citation
- [ ] Citation by Publication
- [ ] Secretary of State Citation
- [ ] Notice
- [ ] Precept
- [ ] Rule 106 Service
- [ ] Subpoena

**Writs:**
- [ ] Attachment (Person)
- [ ] Attachment (Property)
- [ ] Attachment (Witness)
- [ ] Certiorari
- [ ] Garnishment (Prejudgment)
- [ ] Habeas Corpus
- [ ] Injunction
- [x] Temporary Restraining Order
- [ ] Possession (Person)
- [ ] Possession (Property)
- [ ] Protective Order (Family)
- [ ] Protective Order (Civil)
- [ ] Scire Facias
- [ ] Sequestration
- [ ] Supersedeas
- [ ] Other (Please Describe) _____

**UPON ISSUANCE OF SERVICE: (CHECK ONE ONLY)**
- [ ] Send to Sheriff
- [ ] Send to Constable (List Constable's Name & Pct)
- [ ] Civil Process Server (Include the name of the Authorized Person to pick-up)
- [x] Call attorney for pick up (Phone Number) __409-795-7920__
- [ ] Mail to attorney at.
  (Please include a self addressed stamped envelope) _____
- [ ] District Clerk serve by certified mail

**ISSUANCE OF SERVICE REQUESTED BY:**

Attorney/Party Name __George May__

Law Firm (if applicable) __Twomeymay.com__     Bar Number __24037050__

Address: __Two River Way, 15th Floor__
__Houston, Tx 77056__

Phone Number. __713-659-0000__     Email Address __george@twomeymay.com__

***Service will only be issued upon payment of costs***

Date Fees Paid _____ Amount _____ Method of Payment: _____

Signature of Attorney Requesting service _____



# JOHN D. KINARD
## DISTRICT CLERK GALVESTON COUNTY

### REQUEST FOR ISSUANCE OF SERVICE

Date Requested _____

Case Number  13CV 1392

Court Description  405 ___

2013 NOV -1  PM 4: 03

Type of Instrument to be served: _____

**SERVICE TO BE ISSUED ON (Please list exactly as the name appears in the pleading to be served)**

Issue Service To  D. L. Hammaker

Address of Service  3927 Browning St.

City, State & Zip  Houston, Tx 77005

Agent (IF APPLICABLE) _____

### TYPE OF SERVICE TO BE ISSUED:

**Non Writs:**

- [x] Citation
- [ ] Alias Citation
- [ ] Pluries Citation
- [ ] Citation by Publication
- [ ] Secretary of State Citation
- [ ] Notice
- [ ] Precept
- [ ] Rule 106 Service
- [ ] Subpoena

**Writs:**

- [ ] Attachment (Person)
- [ ] Attachment (Property)
- [ ] Attachment (Witness)
- [ ] Certiorari
- [ ] Garnishment (Prejudgment)
- [ ] Habeas Corpus
- [ ] Injunction
- [x] Temporary Restraining Order
- [ ] Possession (Person)
- [ ] Possession (Property)
- [ ] Protective Order (Family)
- [ ] Protective Order (Civil)
- [ ] Scire Facias
- [ ] Sequestration
- [ ] Supersedeas
- [ ] Other (Please Describe) _____

---

**UPON ISSUANCE OF SERVICE: (CHECK ONE ONLY)**

- [ ] Send to Sheriff
- [ ] Send to Constable (List Constable's Name & Pct)
- [ ] Civil Process Server (Include the name of the Authorized Person to pick-up)
- [x] Call attorney for pick up (Phone Number) _____
- [ ] Mail to attorney at _____
  (Please include a self addressed stamped envelope)
- [ ] District Clerk serve by certified mail

**ISSUANCE OF SERVICE REQUESTED BY:**

Attorney/Party Name  George May

Law Firm (if applicable)  twomeymay. Com          Bar Number  24037050

Address  Two Riverway, 15th Floor
Houston, Tx 77056

Phone Number  713-659-0000   Email Address  george@twomeymay. Com

***Service will only be issued upon payment of costs***

Date Fees Paid _____   Amount _____   Method of Payment _____

Signature of Attorney Requesting service. _____





I, John D. Kinard, District Clerk and Custodian of Records for District Courts of Galveston, County, Texas do hereby certify that the foregoing is a true and correct copy of the original record, now in my lawful custody and filed in this office on the _____ day of _____ _____ witness my official hand and seal of office this _____ day of _____ _____

JOHN D. KINARD, DISTRICT CLERK
Galveston County, Texas
By _____ Deputy

# CITATION

### State of Texas

AMELIA V. KELLY VS. MATTHEW D. WIGGINS, JR. ET AL

Cause No.: 13-CV-1392

405th District Court of Galveston County

TO: Matthew D Wiggins Jr.
620 8th Street
Kemah TX 77565

GREETINGS: YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a written answer with the Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days from the date you were served this citation and petition/motion, a default judgment may be taken against you

Said written answer may be filed by mailing same to District Clerk's Office, 600 59th Street, Suite 4001, Galveston, Texas 77551-2388
The case is presently pending before the **405th District Court** of Galveston County sitting in Galveston, Texas, and the **Original Petition – OCA and Temporary Restraining Order** was filed **November 01, 2013** It bears cause number **13-CV-1392** and see the attached petition/motion for named parties to the suit

Issued and given under my hand and the seal of said court at Galveston, Texas, **on this the 4th day of November, 2013.**

Issued at the request of
George F May
Two Riverway 15th Floor
Houston TX 77056



John D. Kinard, District Clerk
Galveston County, Texas

By _____

Linda Scott, Deputy

### SEE ATTACHED FORM
*NOTE: Status Conference set: 01/23/2014 at 10:00 AM*

### OFFICER/AUTHORIZED RETURN

Came to hand on the _____ day of _____, 20___ at _____ o'clock ___ M and executed at_____ in _____County, Texas, on the _____ day of _____, 20___ at _____ o'clock ___m, by delivering to_____, in person a true copy of this Citation together with the accompanying _____ copy(ies) of the Original Petition - OCA, Temporary Restraining Order attached thereto and I endorsed on said copy of the Citation the date of delivery To certify which I affix my hand officially this the _____ day of _ _____, 20___

Fee-Serving _____

Amount _____

_____
Sheriff/Constable

_____ County, Texas

BY _____
Authorized Person/Deputy Signature

On this day personally appeared _____, known to me to be the person whose signature appears on the foregoing return, personally appeared  After being duly sworn by me, he/she stated that this citation was executed by him/her in the exact manner recited on the return

Sworn to and subscribed before me, on this _____ day of _____ 20 _____

_____
Notary Public

13-CV-1392
DCCIISS
Citation Issuance – Work Product
743935

# CIVIL CASE INFORMATION SHEET

CAUSE NUMBER *(FOR CLERK USE ONLY):* 13 W 1392   COURT *(FOR CLERK USE ONLY):* 405 th

STYLED *Amelia V. Kelly & Janet Northrup V. Matthew D Wiggins Jr.*
(e.g., John Smith v. All American Insurance Co, In re Mary Ann Jones, In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

## 1. Contact information for person completing case information sheet:

Name: George Way
Email: george@twowayny.com

Address: Two Riverway, 15th Fl.
Telephone: 713-659-8000

City/State/Zip: Houston, TX 77056
Fax: 832-201-8485

State Bar No: 24037050

### Names of parties in case:

Plaintiff(s)/Petitioner(s): Amelia V. Kelly, Janet Northrup

Defendant(s)/Respondent(s): Matthew D Wiggins Jr., Dale Hunnicker

### Person or entity completing sheet is:
- [ ] Attorney for Plaintiff/Petitioner
- [ ] Pro Se Plaintiff/Petitioner
- [ ] Title IV-D Agency
- [ ] Other:

Additional Parties in Child Support Case:
Custodial Parent:
Non-Custodial Parent:
Presumed Father:

## 2. Indicate case type, or identify the most important issue in the case (select only 1):

### Civil

**Contract**

*Debt/Contract*
- [ ] Consumer/DTPA
- [ ] Debt/Contract
- [ ] Fraud/Misrepresentation
- [ ] Other Debt/Contract

*Foreclosure*
- [ ] Home Equity—Expedited
- [ ] Other Foreclosure
- [ ] Franchise
- [ ] Insurance
- [ ] Landlord/Tenant
- [ ] Non-Competition
- [ ] Partnership
- [ ] Other Contract

**Injury or Damage**
- [ ] Assault/Battery
- [ ] Construction
- [ ] Defamation
*Malpractice*
- [ ] Accounting
- [ ] Legal
- [ ] Medical
- [ ] Other Professional Liability
- [ ] Motor Vehicle Accident
- [ ] Premises
*Product Liability*
- [ ] Asbestos/Silica
- [ ] Other Product Liability List Product
- [ ] Other Injury or Damage

**Real Property**
- [ ] Eminent Domain/Condemnation
- [ ] Partition
- [ ] Quiet Title
- [ ] Trespass to Try Title
- [ ] Other Property

**Related to Criminal Matters**
- [ ] Expunction
- [ ] Judgment Nisi
- [ ] Non-Disclosure
- [ ] Seizure/Forfeiture
- [ ] Writ of Habeas Corpus— Pre-indictment
- [ ] Other

### Family Law

**Marriage Relationship**
- [ ] Annulment
- [ ] Declare Marriage Void
*Divorce*
- [x] With Children
- [ ] No Children

**Other Family Law**
- [ ] Enforce Foreign Judgment
- [ ] Habeas Corpus
- [ ] Name Change
- [ ] Protective Order
- [ ] Removal of Disabilities of Minority
- [ ] Other

**Post-judgment Actions (Non-Title IV-D)**
- [ ] Enforcement
- [ ] Modification—Custody
- [ ] Modification—Other

**Title IV-D**
- [ ] Enforcement/Modification
- [ ] Paternity
- [ ] Reciprocals (UIFSA)
- [ ] Support Order

**Parent-Child Relationship**
- [ ] Adoption/Adoption with Termination
- [ ] Child Protection
- [ ] Child Support
- [ ] Custody or Visitation
- [ ] Gestational Parenting
- [ ] Grandparent Access
- [ ] Parentage/Paternity
- [ ] Termination of Parental Rights
- [ ] Other Parent-Child

**Employment**
- [ ] Discrimination
- [ ] Retaliation
- [ ] Termination
- [ ] Workers' Compensation
- [ ] Other Employment

**Other Civil**
- [ ] Administrative Appeal
- [ ] Antitrust/Unfair Competition
- [ ] Code Violations
- [ ] Foreign Judgment
- [ ] Intellectual Property

- [ ] Lawyer Discipline
- [ ] Perpetuate Testimony
- [ ] Securities/Stock
- [ ] Tortious Interference
- [ ] Other

### Tax
- [ ] Tax Appraisal
- [ ] Tax Delinquency
- [ ] Other Tax

### Probate & Mental Health

*Probate/Wills/Intestate Administration*
- [ ] Dependent Administration
- [ ] Independent Administration
- [ ] Other Estate Proceedings

- [ ] Guardianship—Adult
- [ ] Guardianship—Minor
- [ ] Mental Health
- [ ] Other

## 3. Indicate procedure or remedy, if applicable (may select more than 1):
- [ ] Appeal from Municipal or Justice Court
- [ ] Arbitration-related
- [ ] Attachment
- [ ] Bill of Review
- [ ] Certiorari
- [ ] Class Action
- [ ] Declaratory Judgment
- [ ] Garnishment
- [ ] Interpleader
- [ ] License
- [ ] Mandamus
- [ ] Post-judgment
- [ ] Prejudgment Remedy
- [ ] Protective Order
- [ ] Receiver
- [ ] Sequestration
- [x] Temporary Restraining Order/Injunction
- [ ] Turnover

## 4. Indicate damages sought (do not select if it is a family law case):
- [ ] Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
- [ ] Less than $100,000 and non-monetary relief
- [ ] Over $100, 000 but not more than $200,000
- [x] Over $200,000 but not more than $1,000,000
- [ ] Over $1,000,000

13 - CV - 1392
DCOCACIS
OCA Case Information Sheet
743149

3

I, John D. Kinard, District Clerk and Custodian of Records for District Courts of Galveston, County, Texas do hereby certify that the foregoing is a true and correct copy of the original record, now in my lawful custody and filed in this office on the ___1st___ day of ___November___ ___2013___ witness my official hand and seal of office this ___24th___ day of ___November___ ___2013___

JOHN D. KINARD, DISTRICT CLERK
Galveston County, Texas
By _____ Deputy



# CITATION

## State of Texas

AMELIA V. KELLY VS. MATTHEW D. WIGGINS, JR. ET AL

Cause No.: 13-CV-1392

405th District Court of Galveston County

**TO:**   D L Hammaker
3927 Browning Street
Houston TX 77005

**GREETINGS: YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a written answer with the Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days from the date you were served this citation and petition/motion, a default judgment may be taken against you**

Said written answer may be filed by mailing same to District Clerk's Office, 600 59th Street, Suite 4001, Galveston, Texas 77551-2388 The case is presently pending before the **405th District Court** of Galveston County sitting in Galveston, Texas, and the **Original Petition – OCA and Temporary Restraining Order** was filed **November 01, 2013** It bears cause number **13-CV-1392** and see the attached petition/motion for named parties to the suit

Issued and given under my hand and the seal of said court at Galveston, Texas, **on this the 4th day of November, 2013.**

Issued at the request of
George F May
Two Riverway 15th Floor
Houston TX 77056

**John D. Kinard**, District Clerk
Galveston County, Texas

By _____

Linda Scott, Deputy

## SEE ATTACHED FORM
*NOTE: Status Conference set: 01/23/2014 at 10:00 AM*

### OFFICER/AUTHORIZED RETURN

Came to hand on the _____ day of _____, 20___ at _____ o'clock ____ M and executed at_____ in _____County, Texas , on the _____ day of _____, 20___ at _____ o'clock ____m, by delivering to_____, in person a true copy of this Citation together with the accompanying _____ copy(ies) of the Original Petition - OCA, Temporary Restraining Order attached thereto and I endorsed on said copy of the Citation the date of delivery To certify which I affix my hand officially this the _____ day of _ _____, 20___

Fee-Serving _____

Amount _____

_____
Sheriff/Constable

_____ County, Texas

BY _____
Authorized Person/Deputy Signature

On this day personally appeared _____, known to me to be the person whose signature appears on the foregoing return, personally appeared After being duly sworn by me, he/she stated that this citation was executed by him/her in the exact manner recited on the return

Sworn to and subscribed before me, on this _____ day of _____ 20 _____

_____
Notary Public



I, John D. Kinard, District Clerk and Custodian of Records for District Courts of Galveston, County, Texas do hereby certify that the foregoing is a true and correct copy of the original record, now in my lawful custody and filed in this office on the _____ day of _____ _____ witness my official hand and seal of office this _____ day of _____

JOHN D. KINARD, DISTRICT CLERK
Galveston County, Texas
By _____ Deputy

13-CV-1392
DCTERO
Temporary Restraining Order
743640

NO. 13-CV-1392

2013 NOV -4  AM 10: 39

| | | |
|---|---|---|
| AMELIA V. KELLY, | § | IN THE DISTRICT COURT OF |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | GALVESTON, TEXAS |
| MATTHEW D. WIGGINS, JR. and | § | |
| D.L. HAMMAKER, | § | |
| Defendants | § | 405th JUDICIAL DISTRICT |

## TEMPORARY RESTRAINING ORDER AND
## ORDER SETTING HEARING FOR TEMPORARY INJUNCTION

**ON THIS DAY** came on to be considered the Application for Temporary Restraining

Order, and Application for Temporary and Permanent Injunction of Amelia V. Kelly and Janet

Northrup, in her capacity as bankruptcy trustee, Plaintiffs against Matthew D. Wiggins, Jr. and

D.L. Hammaker, Defendants. The Court after having considered the Application and Request for

Temporary Restraining Order, is of the opinion that it should be **GRANTED**. It is therefore,

**ORDERED** that the Clerk of this Court issue a temporary restraining order restraining

Defendants, Matthew D. Wiggins, Jr. and D.L. Hammaker, their agents, servants, employees,

assigns and all persons or entities in active concert or participation with said Defendants who

receive actual notice of this order, from the following regarding the property known as 701 Bay

Avenue, Kemah, Galveston County Texas (the "Property"):

    a. Conducting the noticed trustee's sale upon the Property, as described therein, on
       Tuesday, November 5, 2013;

    b. Conducting any non-judicial foreclosure sale of the Property; and

    c. Posting, filing, or noticing a trustee's or substitute's sale of the Property.

**IT IS FURTHER ORDERED** that the Clerk shall issue notice to Defendants, Matthew

D. Wiggins, Jr. and D.L. Hammaker and inform Plaintiffs' counsel upon preparation of the

appropriate notice so that Plaintiffs' counsel may effectuate service on Defendants, Matthew D.

1

Wiggins, Jr. and D.L. Hammaker, pursuant to Rule 103 of the Texas Rules of Civil Procedure and serve citation upon Defendants, Matthew D. Wiggins, Jr. and D.L. Hammaker; it is further,

**IT IS FURTHER ORDERED** that the clerk shall set this temporary matter for hearing, before this Court on _November 15_, 2013 at _1:30_ _p_ m. The purpose of this hearing is to determine whether, while this case is pending, the preceding temporary restraining order should be made a temporary injunction enjoining Defendants, Matthew D. Wiggins, Jr. and D.L. Hammaker, from:

    a.  Conducting the noticed trustee's sale upon the Property, as described therein, on Tuesday, November 5, 2013;

    b.  Conducting any non-judicial foreclosure sale of the Property; and

    c.  Posting, filing, or noticing a trustee's or substitute's sale of the Property.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall, upon the filing of and by Plaintiffs of the Bond hereinafter required, and upon approving the same according to law, issue a Temporary Restraining Order in conformity with the law and the terms of this Order.

Bond is set in the amount of $ _1000.00_ . Prior to the Clerk of the Court issuing a Temporary Restraining Order, Plaintiffs shall execute and file with the Clerk a Bond payable to Defendants, Matthew D. Wiggins, Jr. and D.L. Hammaker, approved and conditioned as required by law in the amount set forth above. An additional $1,000 was previously deposited by Plaintiff Amelia V. Kelly in Cause No. 13CV0167, which shall remain in the registry of the court until further order of this Court. This Order is therefore immediately effective. This Order shall expire on the _15th_ day of _November_, 2013, at _5:33_ p.m.

**SIGNED** this 1st day of November, 2013. _at 5:33 p.m._

_____
JUDGE PRESIDING

2

**APPROVED AND ENTRY REQUESTED:**

TWOMEY | MAY, PLLC

*/s/ George F. May/*
GEORGE F. MAY
State Bar No. 24037050
2 Riverway, 15th Floor
Houston, Texas 77056
(713) 659-0000
(832) 201-8485 [Telecopier]
george@twomeymay.com

Attorneys for Plaintiff Amelia V. Kelly

**APPROVED AND ENTRY REQUESTED:**

TWOMEY | MAY, PLLC

*/s/ George F. May/*
GEORGE F. MAY
State Bar No. 24037050
2 Riverway, 15th Floor
Houston, Texas 77056
(713) 659-0000
(832) 201-8485 [Telecopier]
george@twomeymay.com

Attorneys for Plaintiff Amelia V. Kelly

I, John D. Kinard, District Clerk and Custodian of Records for District Courts of Galveston County, Texas do hereby certify that the foregoing is a true and correct copy of the original record, now in my lawful custody and filed in this office on the _____ day of _____.
witness my official hand and seal of office this _____ day of _____.

JOHN D. KINARD, DISTRICT CLERK
Galveston County, Texas

_____ Deputy



3

Filed
13 November 1 P3:05
John D. Kinard
District Clerk
Galveston District

> Note: Prior related cases with final judgments in the 122nd
> District Court Cause Nos. 13CV0167 and 11CV0325

NO. 13-CV-1392

| | | |
|---|---|---|
| AMELIA V. KELLY and | § | IN THE DISTRICT COURT OF |
| JANET NORTHRUP, in her capacity | § | |
| as Bankruptcy Trustee | § | |
| Plaintiffs, | § | |
| | § | GALVESTON, TEXAS |
| v. | § | |
| | § | |
| MATTHEW D. WIGGINS, JR. and | § | |
| D.L. HAMMAKER, | § | |
| Defendants | § | 405th JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION AND APPLICATION FOR TEMPORARY RESTRAINING ORDER, AND TEMPORARY AND PERMANENT INJUNCTIONS

COMES NOW Plaintiffs, AMELIA V. KELLY ("**Ms. Kelly**") and JANET NORTHRUP,

in her capacity as Bankruptcy Trustee ("**Trustee**"), and file this Plaintiffs' Original Petition, and

Request for Temporary Restraining Order, Temporary and Permanent Injunctions, complaining of

Defendants, MATTHEW D. WIGGINS, JR. and D.L. HAMMAKER (collectively "**Defendants**"),

and respectfully shows the Court as follows:

### I.   Parties

1.      Plaintiff, Amelia V. Kelly, is an individual and a resident of Kemah, Galveston

County, Texas.

2.      Plaintiff Janet Northrup is the bankruptcy trustee in Case No. 12-80534-G3-13; *In

Re Amelia V. Kelly* ; in the United States Bankruptcy Court for the Southern District of Texas,

Galveston Division.

01/23/14

3.      Defendant Matthew D. Wiggins, Jr. (hereinafter "**Defendant Wiggins**") is an individual and a resident of Galveston County, Texas, may be served with process at his residence address, 620 8th Street, Kemah, Texas 77565, and has appeared in this case.

4.      Defendant D. L. Hammaker, (hereinafter "**Defendant Hammaker**") is an individual and a resident of Harris County, Texas, may be served with process at her residence address, 3927 Browning Street, Houston, Texas 77005, and has appeared in this case.

## II.      Discovery Level

5.      Pursuant to the Texas Rules of Civil Procedure this action is plead under Discovery Level II, as previously pled.

## III.      Jurisdiction and Venue

6.      The Court has jurisdiction over Defendants because one or more of Defendants are residents of this county.  The Court has jurisdiction over the controversy because the subject matter of Plaintiff's suit is contract and tort and the amount in controversy exceeds the minimum jurisdictional limits of this Court.  Plaintiffs seek damages within the jurisdictional limits of this Court.  Plaintiffs seek monetary relief of less than $100,000 and non-monetary relief and hereby demand judgment for attorney's fees, declaratory relief as stated herein, and for injunctive relief as stated herein.

7.      Venue is proper in Galveston County, Texas, because all or part of the events giving rise to this suit occurred in, or arose out of, events occurring in Galveston County and the real property at issue is sited entirely within Galveston County.

## IV.      Summary

8.      Defendants previously wrongfully foreclosed upon Plaintiff Ms. Kelly's homestead property and Defendant Wiggins was the successful bidder at the wrongful foreclosure as the note holder credit bidding.  That foreclosure was voided by a final court order,

which also awarded Ms. Kelly the right to immediate possession and awarded Defendant Wiggins a **judicial lien** on Ms. Kelly's homestead "in the amount of $660,000.00 found by the jury for the [foreclosure] purchase, preservation and improvement of the property". The previous note and deed of trust held by Defendant Wiggins was not reinstated and the sole relief provided to Wiggins was the $660,000 "lien against the Property created by this judgment".

9.      Defendants are attempting to conduct a non-judicial foreclose upon Plaintiff Ms. Kelly's homestead. But Defendants do not hold a valid or enforceable deed of trust with a power of sale allowing for a non-judicial foreclosure. What Defendants have, if anything, is a **judicial lien**, which requires a judicial foreclosure.

### V.     Facts

10.     Defendants have successfully argued in bankruptcy court that jurisdiction lies in the state courts. Defendants then argued in state court that Ms. Kelly has no standing to protect her homestead in state court  because, as asserted by Defendants, the Trustee owns all Ms. Kelly's interest in her homestead and therefore the bankruptcy court has jurisdiction. Having convinced the bankruptcy court that the state courts had jurisdiction, Defendants then succeeded in convincing the state court, the 122nd District Court, that Ms. Kelly could not defend her homestead from wrongful foreclosure because only the Trustee had standing and jurisdiction lay with the bankruptcy court.[1] The state court's dismissal for lack of jurisdiction is now on appeal.

---

[1]      This assertion—that Ms. Kelly does not have standing because she has no interest in her homestead and the Trustee has all interests—is ridiculous and directly and absolutely contradicted by the law.  A debtor acquires standing when title to the property at issue property revests in the debtor, which is when the property is either "properly claimed and allowed as exempt, or abandoned by the trustee." *In re Calvin,* 329 B.R. 589, 601 (Bankr. S.D. Tex. 2005) (examining debtor's standing to assert a stay violation); *See also In re Luongo,* 259 F.3d 323, 340 n. 3 (5th Cir. 2001) (stating 5th Circuit's holding that once period of time has passed for objecting to a debtor's proposed exemptions the property become exempt and subject to the debtor's control).

11.    Ms. Kelly and the Trustee, who are collectively vested with all ownership interests in Ms. Kelly's Homestead, now bring this action jointly seeking injunctive relief.

**A.    *Plaintiffs collectively have all ownership rights in and to the real property.***

12.    The property at issue in this case is Ms. Kelly's homestead is located at 701 Bay Avenue, Kemah, Galveston County Texas ("**Ms. Kelly's Homestead**"), which she first purchased on or about August 26, 2006.  (Ex. A).  Ms. Kelly's Homestead is, in addition to being her intended homestead, currently being used as a commercial bed and breakfast.  (*Id.*).  Ms. Kelly and the Trustee have agreed, with the approval of the Bankruptcy Court, that Ms. Kelly has possessory rights in and to Ms. Kelly's Homestead but only $146,500 of the equity in Ms. Kelly's Homestead is exempt homestead property and, due to this cap, any income generated by the property would be turned over to the Trustee.  (*See* Ex. B-1, Stipulation Regarding Debtor's Homestead Exemption).

---

The Fifth Circuit has noted that, in the context of the 2005 bankruptcy revisions, specifically section 522(p) of the Bankruptcy Code (limiting amount of equity protected by recently acquired homestead) the following:

> The homestead exemption and the property interest impressed with that exemption are discrete concepts: the former is the debtor's legal right to exempt certain property interests from the bankruptcy estate, the latter is the debtor's vested economic interests in the property itself.

*In re Rogers*, 513 F. 3d 212, 225 (5th Cir. 2008).  The Fifth Circuit analyzed the new provisions of the bankruptcy code as placing a monetary cap on the vested economic interest in a homestead acquired less than 1215 days before a bankruptcy petition—but not limiting any other homestead right under state law.  *Id.* ("Section 522(p)(1) prevents the debtor from withdrawing certain vested economic interests in property from the bankruptcy estate if they were acquired by the debtor during the statutory period and their aggregate value exceeds a certain dollar threshold.  Even assuming that § 522(p)(1) is ambiguous, the legislative history makes clear that the term "interest" refers to some vested economic interest in property acquired during the statutory period, not a homestead interest.").

Except for the limitation on her vested economic interest (i.e. the amount of equity that is protected) Ms. Kelly retains all "interest" her exempt homestead including the right of possession.

13.     Ms. Kelly has all rights of ownership and possession in and to her Homestead, subject only to the Trustee's limited rights described above.  Together Ms. Kelly and the Trustee have all rights of ownership.  Ms. Kelly's homestead interest is fully intact and her homestead is afforded all constitutional and statutory protections under Texas law.

**B.**     *The Voided Foreclosure Sale, Prior Lawsuit, and Final Judgment*

14.     Defendants wrongfully foreclosed on Ms. Kelly's Homestead in January 2010, upon a 2009 second lien deed of trust held by Defendant Wiggins.  Defendant Wiggins then obtained a $1,000,000 loan pledging his interest in Ms. Kelly's Homestead as collateral.  (*See* Ex. B-2, Wiggins Deed of Trust to Texas Citizen's Bank).

15.     Ms. Kelly sued Defendants in Cause No. 11CV0325 (the "**Prior Lawsuit**") and, on June 22, 2012, after a jury found that Ms. Kelly intended for Ms. Kelly's Homestead to be her residence, the Court entered a final judgment declaring the foreclosure was void and that all right, title and interest of in Ms. Kelly's Homestead remained vested in Ms. Kelly.  (A true and correct copy of the final, non-appealable judgment in the Prior Lawsuit is attached hereto as Exhibit B-3).

16.     The final judgment in the Prior Lawsuit expressly states that Ms. Kelly's title was free and clear of all liens and claims of the parties to the Prior Lawsuit, which would include Wiggins' 2009 deed of trust.  Instead, as requested by Defendant Wiggins, the judgment in the Prior Lawsuit states that Defendant Wiggins has a $660,000.00 **judicial** lien against the property. (*See id.*, decreeing that the "Subject Property" was subject to "a lien against the Property created by this judgment in favor of Defendant MATTHEW D. WIGGINS, JR. in the amount of

$660,000.00 found by the jury for the purchase, preservation and improvement of the property").[2]

**C.    *Defendants argue to the bankruptcy court that only the state court has jurisdiction to hear Ms. Kelly's request for declaratory judgment and the bankruptcy court agrees.***

17.    Defendants moved to lift the bankruptcy stay so that the parties could pursue their remedies in state court.  (*See* Ex. B-3, Motion to Lift Stay).  The bankruptcy court subsequently entered an order modifying the stay expressly to "allow the parties to pursue their state court remedies".  (*See* Ex. B-4, Order Modifying Stay).  Ms. Kelly has received her discharge and no challenge was made by Defendants to her homestead as her homestead exemption as reflected on Schedule C of her bankruptcy schedules.  The trustee, Janet Northrup, stated on the record at the Section 341a meeting of creditors that she "allowed the exemptions" as scheduled. (*See* Ex. B , para. 4; Ex. B-5, Bankruptcy Discharge Order; Ex. B-6, Schedule listing homestead claim).

18.    Ms. Kelly filed an adversary in bankruptcy seeking a declaratory judgment against Defendant Wiggins based upon the final judgment in the Prior Lawsuit.  Defendant Wiggins moved to dismiss Ms. Kelly's adversary for alleged lack of jurisdiction by the bankruptcy court over a state court matter.  (*See* Ex. B-7, Wiggins Motion to Dismiss).  The

---

2   No jury question was submitted for the jury to make a finding as to the existence, or continued existence, of the alleged debt under the now void deed of trust, the amount of any debt under the now void deed of trust, or the amount purported bid by Defendant Wiggins as the buyer at the foreclosure sale. The judgment rendered expressly states that Ms. Kelly was awarded title of Ms. Kelly's Homestead free and clear of all liens and claims of any party to the lawsuit, which includes the 2009 deed of trust (and the debt allegedly secured thereby) upon which Defendant Wiggins is again attempting to wrongfully foreclose. Defendant Wiggins chose to obtain his relief solely as the buyer at foreclosure through a $660,000.00 **judicial** lien and did not have the note and deed of trust he held as foreclosing lender reinstated. It was Defendant Wiggins burden, if he wanted his remedy to be as the foreclosing lender to request same in the Prior Lawsuit and to have the jury determine how much, if any amount, remained owing on the alleged debt that was not subsumed as part of the $660,000.00 judicial lien for his "purchase, preservation, and improvement" of the property and/or satisfied by the voided foreclosure sale. *See Farrell v. Hunt*, 714 SW 2d 298, 299-300 (Tex. 1986) (noting that the "jury was not asked to determine the indebtedness due on the property at the time of foreclosure[] . . . no mention was ever made of the amount due on the Kolodzie note" and holding that failing to obtain a finding and judgment that debt remained unsatisfied by the wrongful foreclosure proceeds precluded award for damages)

bankruptcy court held that jurisdiction for a declaratory judgment based upon the final state court judgment in the Prior Lawsuit was a state court matter, (*see* Ex. B-8, Bankruptcy Court Opinion), and dismissed Ms. Kelly's bankruptcy adversary action. (*See* Ex. B-9, Bankruptcy Court Order).

**D.      *Defendants renew their attempts to conduct a wrongful non-judicial foreclosure.***

19.      After the bankruptcy court held that the state courts had jurisdiction, Defendants then proceed to again attempt to wrongfully conduct a non-judicial foreclose a second time pursuant to the then void deed of trust's power of sale clause. Ms. Kelly sought and obtained a temporary restraining order for Judge Kerry Neves as ancillary judge. (*See* Ex. B-10). Ms. Kelly's case was attracted to the original court, the 122nd. The Court abated the case, did not hold hearing on Ms. Kelly's request for a temporary injunction, and ultimately, on September 13, 2013, dismissed for an alleged lack of jurisdiction without reaching the merits on any of Ms. Kelly's claims. (*See* Ex. B-3).

20.      After the state court dismissed saying that the bankruptcy court had jurisdiction, Defendants then noticed this latest attempt to wrongfully non-judicial foreclose based upon the power of sale clause in a now void deed of trust. This non-judicial foreclosure sale is set for this coming Tuesday, November 5, 2013. (*See* Ex. A-1).

**E.      *Ms. Kelly and the Trustee seek a declaratory judgment that Defendant must seek a judicial foreclosure upon the judicial lien.***

21.      The judgment in the Prior Lawsuit awarded Defendant Wiggins a **judicial** lien in the amount of $660,000.00. It did not reinstate the old deed of trust (under which the voided foreclosure had purportedly taken place) with a new balance of $660,000.00.[3] The judicial lien

_____

3  Even if the judgment had revived the old deed of trust, which it did not, the purported underlying debt would have been reduced by the undetermined amount Defendant Wiggins used to "purchase" at the voided foreclosure sale. Because the old deed of trust was not revived, Defendant Wiggins being awarded a judicial lien instead, the point is apparently moot. Further, no jury finding or judgment was rendered as to whether any debt remained unsatisfied after the foreclosure or, alternatively, what portion

imposed upon Ms. Kelly's Homestead did not allow, of course, for a non-judicial sale through a power of sale.

22.     Additionally, Defendants have not sent a valid "20-day notice" as required by the Texas Property Code.  Defendants apparently are relying upon  May 20, 2013 letters to serve as the required notice,  both of which asserted that $660,000.00 was owed on the old deed of trust and demanding that $660,000.00 be paid.  (*See* Ex. A- 2).  The jury in the Prior Lawsuit determined Defendant Wiggins expended $660,000 to purchase, preserve and improve the property; it did not fix the amount owing on the now void 2009 deed of trust at $660,000..[4]

## VI.     Causes of Action

*Cause of Action* 1: **Declarative Judgment**

23.     Paragraphs 1 through 20 supra are hereby incorporated by reference for all purposes as if fully recited here.  Ms. Kelly and Trustee asserts an action for declaratory judgment regarding the following:

(a)     The Final Judgment entered the Honorable John Ellisor, Judge of the 122nd District Court of Galveston County, on June 22, 2012, gave a **judicial** lien to

---

of the $660,000.00 judicial lien was comprised of the alleged debt underlying the purported deed of trust.

4     Defendant Wiggins was the buyer at the foreclosure conducted by Defendant Hammaker.  The purported balance of the underlying debt of the now void deed of trust, according to Defendants, was $225,000.00 and Defendant Wiggins purportedly paid $50,000.00 through a credit bid at the foreclosure sale.  Ms. Kelly has and does contest the existence of, and alternatively the purported amount of, the debt alleged and the amount Wiggins purportedly bid.  No jury question was submitted for the jury to make a finding as to the existence, or continued existence, of the alleged debt under the now void deed of trust.  The judgment rendered expressly states that Ms. Kelly was awarded title of Ms. Kelly's Homestead free and clear of all liens and claims of any party to the lawsuit, which includes the 2009 deed of trust (and the debt allegedly secured thereby) upon which Defendant Wiggins is again attempting to wrongfully foreclose. Defendant Wiggins chose to obtain his relief solely as the buyer at foreclosure through a $660,000.00 **judicial** lien.  He did not seek to have the note and deed of trust he held as foreclosing lender reinstated.  It was Defendant Wiggins burden, if he wanted his remedy to be as the foreclosing lender to request same in the Prior Lawsuit and to have the jury determine how much, if any amount, remained owing on the alleged debt that was not subsumed as part of the $660,000.00 judicial lien for his "purchase, preservation, and improvement" of the property and/or satisfied by the voided foreclosure sale. *See Farrell v. Hunt*, 714 SW 2d 298, 299-300 (Tex. 1986).

Defendant Wiggins as the purchaser of the foreclosure sale on January 5, 2010, which does not provide for self-help power of sale and requires a judicial foreclosure subject to the defenses of Ms. Kelly including constitutional and statutory homestead protections under the Texas Constitution;

(b)     Additionally that the Final Judgment delivered title to the Property to Ms. Kelly, "free and clear of any liens or claims of any party to this cause," as it expressly states and that this includes being free and clear of the 2009 deed of trust lien held by Defendant Wiggins;

(c)     Additionally and alternatively, that the 2009 deed of trust lien was not revived by the Judgment, that the purported debt underlying the old deed of trust was extinguished (or that Defendant Wiggins is estopped from asserting remaining unsatisfied debt); and

(d)     Additionally and alternatively, a judicial determination of the offsets and credits Ms. Kelly is entitled to pursuant to the Final Judgment towards the debt, if any debt remains, purportedly underlying the old deed of trust if not extinguished, including but not limited to a determination of what portion, if not all, of any unsatisfied debt was not satisfied from the proceeds of the voided foreclosure or encompassed by the $660,000.00 judicial lien.

## VII.     Attorneys' Fees

22.     Pursuant to Texas Rules of Civil Procedure sections 37.001 et seq, 38.001 et seq., Chapter 28 of the Texas Property Code, the contracts between the parties, the declaratory judgment act, and due to Defendants' torts and under the common law, Plaintiffs are entitled to recover her reasonable attorneys' fees.

## VIII.     Conditions Precedent

23.     All conditions precedent have been performed or have occurred as required by Texas Rule of Civil Procedure No. 54.

## IX.     Application For Temporary Restraining Order, Temporary Injunction, And Permanent Injunction

24.     Paragraphs 1 through 23 are hereby incorporated by reference for all purposes as if fully recited.

25.     Ms. Kelly and Trustee seek a Temporary Restraining Order and Temporary Injunction and Permanent Injunction, preventing Defendants from:

    a.     Conducting the noticed trustee's sale upon the Property, as described therein, on Tuesday, November 5, 2013;

    b.     Conducting any non-judicial foreclosure sale of Ms. Kelly's Homestead; and

    c.     Posting, filing, or noticing a trustee's or substitute's sale of Ms. Kelly's Homestead.

26.     Injunctive relief is necessary and available because:

    (1)    Ms. Kelly and Trustee have shown a substantial likelihood of success on the merits of this action;

    (2)    if Defendants Wiggins and Hammaker are allowed to engage in the proscribed actions irreparable harm will occur to Ms. Kelly and Trustee;

    (3)    the harm of not granting the relief outweighs the harm of granting the relief requested because Defendants have no right to conduct a non-judicial foreclosure and have not completed the conditions precedent to foreclose;

    (4)    if this Court does not grant the injunctive relief requested Defendants will foreclose doing irreparable harm to Ms. Kelly through continued loss of use of her home, a slandered title, and ultimately likely complete loss of her home, which is unique and not compensable by money damages;

    (5)    if this Court does not grant the injunctive relief requested Defendants will foreclose doing irreparable harm to Trustee through continued loss of use of and income from the real property, further confusion in the real property records;

    (6)    if this Court does not grant the injunctive relief requested Defendants will foreclose doing irreparable harm to Plaintiffs by rendering the Trustee and Ms. Kelly unable to benefit from a refinance or sale that would allow Ms. Kelly to obtain her equity and/or keep her homestead and allow the Trustee the opportunity to seek payment of equity or the sale of the property as allowed by the Bankruptcy Code;

    (7)    there is no adequate remedy at law for Ms. Kelly because title to Ms. Kelly's homestead will be slandered, the opportunities described previously are time-sensitive and will be irretrievably lost if Defendants are allowed to wrongfully foreclose again, and Ms. Kelly would lose her homestead, which cannot be replaced by money damages.

27.     Ms. Kelly's Homestead, which is the subject Defendants' pending *fourth* attempt to wrongfully foreclosure and the subject of this litigation, is unique and has a value that cannot be adequately compensated by monetary damages.  Ms. Kelly has suffered and will continue to suffer irreparable injury as a result of Defendants' continuing wrongful actions and inactions. Ms. Kelly can and has demonstrated that she will probably prevail on the merits.

28.     The Trustee's interest in the property, which is the subject Defendants' pending *fourth* attempt to wrongfully foreclosure and the subject of this litigation, are entirely dependent upon the ability to convey clear and marketable title to Ms. Kelly's re-finance lender to realize Trustee's equity, or upon the Trustee or Ms. Kelly's ability to convey clear and marketable title to a purchaser in order to accomplish the same.  The time-sensitive nature of these opportunities makes the damage that Trustee will suffer irreparable.

29.     Due to the pending, imminent *fourth attempt* to wrongful foreclosure, a temporary restraining order and temporary injunction is required and necessary to maintain the status quo and preserve the interest and rights of all parties and no prejudice will be created by the injunctive relief sought herein.  Defendants will suffer no harm as a result of the granting of the injunctive relief sought; Defendants have no right to continue to trespass upon, wrongful possess, or deny Ms. Kelly her use of Ms. Kelly's Homestead, which is and would be in defiance of the final non-appealable order in the Prior Lawsuit and Ms. Kelly and Trustee will lose clear title to the property and the ability to convey or benefit from the conveyance of same.

30.     Defendants cannot claim legally cognizable harm from enforcement of the Final Judgment in the Prior Lawsuit to prevent them from conducting a wrongful and void non-judicial foreclosure.  Ms. Kelly has previously posted bond, in Cause No. 13CV0167 for the temporary restraining order she received, in the amount of $1,000.00 and requests that this deposit be

utilized or recognized in this Cause and will agree to post for herself and for Trustee additional bond in the amount of $100.00 or such other reasonable amount the Court deems proper.

31.     Ms. Kelly on behalf of Plaintiffs is willing to post reasonable bond in the amount of $1,000.00, which is currently deposited with the registry of the court from the temporary restraining order, or such other reasonable amount determined by this Court, despite the lack of harm or prejudice to Defendants.

32.     Ms. Kelly and Trustee further move that this Court to enter a Temporary Injunction and Permanent Injunction preventing Defendants, their agents, servants, employees, or those acting in concert with them, from:

      a.  Conducting the noticed trustee's sale upon the Property, as described therein, on Tuesday, November 5, 2013;

      b.  Conducting any non-judicial foreclosure sale of Ms. Kelly's Homestead; and

      c.  Posting, filing, or noticing a trustee's or substitute's sale of Ms. Kelly's Homestead.

WHEREFORE, PREMISES CONSIDERED, Ms. Kelly and Trustee pray that Defendants be cited to answer and appear and that the Court issue injunctive relief as requested in favor of Ms. Kelly and Trustee and further pray that, upon final trial the Court enter judgment for a permanent injunction in favor of Ms. Kelly and Trustee on the issues and as specifically requested herein, and judgment for attorney's fees, contingent attorney's fee for unsuccessful appeals, post- judgment interest, costs, and for such other and further relief to which Ms. Kelly and Trustee may show they are justly entitled.

      Respectfully submitted,

      TWOMEY | MAY, PLLC

      */s/ George F. May  /*
      GEORGE F. MAY
      State Bar No. 24037050

Two Riverway, 15th Floor
Houston, Texas 77056
(713) 659-0000
(713) 943-6810 [Telecopier]
george@twomeymay.com

Attorneys for Plaintiff Amelia V. Kelly

/s/ Johnie Patterson
_____

Johnie Patterson
SBA 15601700

OF COUNSEL:
Walker & Patterson, P.C.
P.O. Box 61301
Houston, Texas 77208
713.956.5577 (telephone)
713.956.5570 (fax)

Attorneys for Janet Northrup, Trustee,
Plaintiff in her capacity as Bankruptcy
Trustee

# EXHIBIT A

NO. _____

| | | |
|---|---|---|
| AMELIA V. KELLY, | § | IN THE DISTRICT COURT OF |
|     Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | GALVESTON, TEXAS |
| MATTHEW D. WIGGINS, JR. and | § | |
| D.L. HAMMAKER, | § | |
|     Defendants | § | _____ JUDICIAL DISTRICT |

## EXHIBIT "A"

## <u>AFFIDAVIT OF AMELIA V. KELLY</u>

**BEFORE ME,** the undersigned authority, on this day personally appeared Amelia V. Kelly known to me to be the undersigned Affiant whose name is subscribed below, who, after having been duly sworn by me, upon her oath deposed and stated as follows:

1.  "My name is Amelia Kelly. I am over the age of twenty-one (21). I am of sound mind, capable of making this Affidavit, fully competent to testify to the matters stated herein, and I have personal knowledge of each of the matters stated herein all of which are true and correct.

2.  Attached to this Affidavit are true and correct copies of the originals of the following documents:

    Exhibit A-1 – Notice of Foreclosure Sale; and

    Exhibit A-2 -  May 20, 2013 "Notice of Intent to Accelerate" and "Notice of Acceleration and Demand"; and

    Exhibit A-3 – Stipulation Regarding Debtor's Homestead Exemption.

3.  I am the owner of the real property located at 701 Bay Avenue, Kemah, Galveston County Texas ('**My Home**'). My Home is currently being used as a commercial bed & breakfast. It was and continues to be my intention to reside with my children in My Home and also have a portion for bed & breakfast guests. I moved personal belongings into My Home and was moving my family in when my plans were interrupted by Defendants allegedly foreclosing and locking me out, leaving me homeless.

4.  Since the Final Judgment was signed by the Court on June 22, 2012, I have made demand upon Defendants to leave My Home and surrender possession to me as ordered by Judge Ellisor. Defendants have failed and Defendant Wiggins has

refused to leave My Home and has continued to possess and control My Home in defiance of the Court's order. I have attempted to gain peaceable possession of My Home but have been prevented from doing so by Defendants.

4.     I have been forced to continue to live in temporary lodgings while waiting for Defendants to obey the Court's order. Since Judge Ellisor signed the judgment I have incurred over $10,000.00 in expenses related to the need to have and maintain a temporary residence.

5.     I have at all times relevant, intended and attempted to reside in My Home as my homestead but have, at all times relevant, been prevented from doing so peaceably by Defendants and Defendant Wiggins has, at all times relevant, continuously trespassed upon and controlled My Home. Neither Defendant has, at any time relevant, had my permission to occupy, control, or set foot in My Home or upon my homestead. Quite the contrary I have, at all times relevant, demanded that they refrain from occupying, controlling, or setting foot in My Home or upon my homestead. I have demanded they leave and they have refused.

6.     I entered into the stipulation attached and Exhibit A-3 with the bankruptcy trustee. We stipulated that my exempt equity in My Home was limited to $146,450 and that any income generated from a bed & breakfast use would be turned over to the Trustee. If Defendants conduct their wrongful foreclosure title to My Home will be slandered, I will be unable to get financing, and the enforcement of the Court's order will be delayed such that I will remain continually homeless."

**FURTHER AFFIANT SAYETH NOT.**

Amelia V. Kelly, Affiant

**SUBSCRIBED and SWORN TO BEFORE ME,** the undersigned authority, by the said Amelia V. Kelly on this the 31st day of October, 2013, to certify which witness my hand and seal of office.

KATHERINA J. MAY
MY COMMISSION EXPIRES
April 8, 2017

NOTARY PUBLIC, STATE OF TEXAS

PRINTED NAME OF NOTARY

EXHIBIT A-1

## NOTICE OF FORECLOSURE SALE

THE STATE OF TEXAS     §
                            §    KNOW ALL MEN BY THESE PRESENTS:

COUNTY OF GALVESTON   §

     Pursuant to the authority conferred upon me by that certain Deed of Trust executed by Amelia V. Kelly of Galveston County, Texas, to Mark A. Foster, TRUSTEE, dated June 19, 2009, for the benefit of the Beneficiary therein identified, duly recorded under Clerk's File No. 2009034287 of the Official Public Records of Real Property of Galveston County, Texas, securing the payment of that one certain promissory note in the original principal amount of $ 400,000.00, I will, as Substitute Trustee under said Deed of Trust, in order to satisfy the indebtedness secured thereby, default having been made in the payment thereof, sell on Tuesday, _November 5_____ . 2013, (that being the first Tuesday of said month), at public auction to the highest bidder for cash in the area designated by the County Commissioners Court at the hour of 1:00, p.m. or within three hours thereafter of that day, the property described on attached Exhibit A.

EXECUTED this _15th_ day of _October_, 2013.

                           D.L. Hammaker, Substitute Trustee
                           3927 Browning Street
                           Houston, TX  77005
                           713/252-7417

STATE OF TEXAS
COUNTY OF GALVESTON

     BEFORE ME, the undersigned authority, on this day personally appeared D. L. Hammaker, known to me to be the person whose name is subscribed to the foregoing instrument, and who acknowledged to me that they executed the same for the purposes and consideration therein expressed.

     GIVEN UNDER MY HAND AND SEAL OF OFFICE  this the _15th_ day of _October_, 2013.

Notary Public in and for the State of Texas
Notary Printed Name:

My Commission Expires:

STACEY ANN DE LOS SANTOS
NOTARY PUBLIC
State of Texas
Comm. Exp. 06/25/2015



EXHIBIT "A"

LOT SIX (6), IN BLOCK FIVE (5), OF THE TOWN OF KEMAH, FORMERLY KNOWN AS EVERGREEN, A
SUBDIVISION IN GALVESTON COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF RECORDED
IN VOLUME 204, PAGE 258 AND TRANSFERRED TO VOLUME 14, PAGE 62, OF THE MAP RECORDS, BOTH
IN THE OFFICE OF THE COUNTY CLERK OF GALVESTON COUNTY, TEXAS.

2013065149

2 PGS

## APPOINTMENT OF SUBSTITUTE TRUSTEE

THE STATE OF TEXAS §
                    § KNOW ALL MEN BY THESE PRESENTS:
COUNTY OF GALVESTON §

WHEREAS, by Deed of Trust dated June 19, 2009, executed by Amelia V. Kelly, as Grantor, Grantor conveyed to Mark A. Foster, Trustee, certain property situated in Galveston County, Texas, to secure the payment of one certain note of even date therewith and therein described in the original principal amount of $ 400,000.00, which Deed of Trust is recorded under County Clerk's File No. 2009034287 of the Real Property Records of Galveston County, Texas, to which and the records thereof reference is here made for all purposes; and

WHEREAS, default has been made in the payment of said note described in said Deed of Trust and the sale provided for therein should be made; and

WHEREAS, the holder of said note described therein and the beneficiary in said Deed of Trust desires to appoint a Substitute Trustee;

NOW, THEREFORE, the undersigned, the holder of such note and Deed of Trust, has named and appointed, and by these presents does name and appoint D. H. Hammaker, of Harris County, Texas, Substitute Trustee to act under and by virtue of said Deed of Trust, and hereby requests said Substitute Trustee to sell the property in said Deed of Trust described and as provided therein.

EXECUTED this 15th day of October, 2013.

STATE OF TEXAS

COUNTY OF GALVESTON

BEFORE ME, the undersigned authority, on this day personally appeared Matthew D. Wiggins, Jr., known to me to be the person whose name is subscribed to the foregoing instrument, and who acknowledged to me that he executed the same for the purposes and consideration therein expressed.

GIVEN UNDER MY HAND AND SEAL OF OFFICE this the 15th day of October, 2013.

Notary Public in and for the State of Texas

STACEY ANN DE LOS SANTOS
NOTARY PUBLIC
State of Texas
Comm. Exp. 08/25/2016

# FILED AND RECORDED

OFFICIAL PUBLIC RECORDS

2013065149

October 15, 2013  12:53:38

FEE: $21.00

Dwight D. Sullivan, County Clerk

Galveston County,  TEXAS



D.L. Hammeler
3927 (Browning) St.
Houston, TX 77005

RETURN RECEIPT
REQUESTED

CERTIFIED MAIL

7012 1640 0000 3253 8406

Amelia V. Kelly
P.O. Box 1494
Kemah, TX 77565

1000          77565

10-17-13

U.S. POSTAGE
PAID
KEMAH, TX
77565
OCT 15, '13
AMOUNT
$6.11
0004 8922-01

EXHIBIT A-2

## NOTICE OF INTENT TO ACCELERATE

May 20, 2013

VIA CERTIFIED MAIL
RETURN RECEIPT REQUESTED

Ms. Amelia V. Kelly
P.O. Box 1494
Kemah, TX  77565

RE: Indebtedness Evidenced by Promissory Note dated June 19, 2009, in the Original Principal
Amount of $ 400,000.00 due and unpaid to Matthew D. Wiggins, Jr. ("Lender") executed by
Amelia V. Kelly (hereinafter referred to as "Indebtedness").

Dear Ms. Kelly:

I represent Matthew D. Wiggins, Jr. with respect to the above referenced Indebtedness.

This letter constitutes formal notice to you of your default under the terms of the Indebtedness
and Deed of Trust securing the Indebtedness. That Deed of Trust is recorded under Clerk's File
No. 2009034287, of the Official Public Records of Real Property of Galveston County, Texas.
As of May 1, 2013, the unpaid principal balance is $ 660,000.00.

This letter is formal demand upon you to pay to Lender the sum of $ 660,000.00 as of this date.
In the event you do not pay these sums to Lender on or before June 10, 2013, the entire unpaid
balance of the Indebtedness, together with accrued and unpaid interest, attorney's fees, and
expenses, will be accelerated and will be fully due and payable. If the past due accrued interest,
attorney's fees, and expenses are not paid on or before June 10, 2013, foreclosure proceedings, in
accordance with the Deed of Trust, will be instituted.

Very truly yours,

D. L. Hammaker
3927 Browning
Houston, TX  77005
713/252-7417

## TWENTY-DAY RIGHT TO CURE
## FOR RESIDENTIAL TRANSACTIONS

May 20, 2013

VIA CERTIFIED MAIL
RETURN RECEIPT REQUESTED

Ms. Amelia V. Kelly
P.O. Box 1494
Kemah, TX 77565

RE:  Past Due Obligations/Real Estate Lien Note dated June 19, 2009 executed by
     Amelia V. Kelly in the original principal sum of $ 400,000.00 (the "Note"), secured
     by a Deed of Trust of even date therewith to Mark A. Foster, Trustee (the "Deed of
     Trust), granting a lien on 701 Bay Avenue, Kemah in Galveston County, Texas (the
     "Property").

Dear Ms. Kelly:

I represent Matthew D. Wiggins, Jr. ("Lender") and am authorized to send this letter on
his behalf. Reference is hereby made to the Notes, Deed of Trust, and Extension
Agreement together with any other documents and instruments securing the indebtedness
(which shall be called the "**Loan Documents**") of which Lender is presently the owner
and holder.

In connection with the foregoing, please be advised that the note (as extended) has
become due by its own terms.

1.  Notwithstanding the foregoing default, as you are aware, Lender has continued to
    forbear from exercising the rights, remedies, and recourses available to it under
    the Loan Documents pending attempts to resolve such defaults. Despite such
    forbearance, no resolution has been reached.

2.  YOU ARE HEREBY NOTIFIED THAT, IF THE ABOVE DEFAULTS ARE
    NOT CURED BY 5:00 P.M., TEXAS TIME, TWENTY (20) DAYS AFTER
    THIS LETTER WAS DEPOSITED IN THE UNITED STATES MAIL, ("**Cure
    Date**") Lender INTENDS TO TAKE ANY AND ALL REMEDIES AVAILABLE
    UNDER THE LOAN DOCUMENTS, ACCELERATE SUMS DUE AND
    OWING UNDER THE LOAN DOCUMENTS, AND TO DEMAND FULL
    PAYMENT THEREOF. AS OF THE DATE OF ACCELERATION, ALL
    OUTSTANDING PRINCIPAL, ACCRUED INTEREST, FEES, AND
    EXPENSES UNDER THE LOAN DOCUMENTS WILL BE DUE AND

OWING.

3.  Our calculations indicate that the following amounts are currently owed:
    $ 660,000.00.

    If you have failed to cure all defaults under the Loan Documents by the Cure Date, interest will commence to accrue at the Default Rate (as defined in the Note) on all sums due and owing.

    The total may be increased by reason of advances made or costs incurred by Lender in collection of the indebtedness or in connection with the collateral securing the Loan Documents, including, but not limited to taxes, insurance, title costs, attorney's fees, and other amounts necessary to remedy a default under the Loan Documents.

4.  Lender reserves the right on that date to exercise any or all of the rights and remedies available to it, including, but not limited to (a) foreclosing, liquidating, or otherwise realizing upon all or any portion of the collateral securing the Loan Documents, (b) offsetting sums due to you from Lender against sums due from you to Lender, (c) notifying any tenants or lessees of the mortgaged property to make payments directly to Lender, and (d) initiating legal proceedings against you. Further, Lender reserves the right to seek recovery of attorney's fees and other costs of court in any suit it may file pursuant to the Note, the Loan Documents, or section 38.001 of the Texas Civil Practice and Remedies Code.

5.  You are further advised that, if any collateral securing the Loan Documents is foreclosed upon, liquidated, or otherwise realized upon, and the amount bid is not sufficient to satisfy all sums due and owing under the Loan Documents, including, but not limited to, principal, interest, trustee fees, attorney's fees, and other expenses incurred in connection therewith, you will be liable for the deficiency.

6.  Despite any past acceptance of late payments or other actual or implied forbearance of any nature by Lender, TIME IS HEREBY DECLARED TO BE OF THE ESSENCE of this notification of default and intent to enforce each and every covenant, term, condition, and provision of the Loan Documents.

7.  This notice is sent to you in an attempt to collect the indebtedness due as stated above, and any information obtained from you will be used for that purpose. Within thirty (30) days of receipt of this notice, you may notify Lender or the undersigned in writing of any dispute you may have regarding the validity of the indebtedness. If you fail to dispute the indebtedness within said thirty (30) days, Lender and the undersigned will assume that the indebtedness is valid. If you dispute the indebtedness, the undersigned will provide you with verification of the indebtedness. Upon your request within said thirty (30) days, the undersigned will provide you with the name and address of the original Lender, if different from Lender.

2

Questions relating to the foregoing may be addressed to the undersigned.

Very truly yours,

D. L. Hammaker
3927 Browning Street
Houston, TX  77005
713/252-7417

3

# EXHIBIT A-3

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | Case No. 12-80534-H3-7 |
| | § | |
| Amelia V. Kelly | § | |
| | § | (Chapter 7) |
| Debtor | § | |

## STIPULATION REGARDING DEBTOR'S HOMESTEAD EXEMPTION

**PLEASE TAKE NOTICE** that in order to conserve judicial resources, to avoid the cost and delay associated with litigation and to clarify for the record and all parties-in-interest, the Debtor and the chapter 7 Trustee, Janet Casciato-Northrup agree and stipulate that:

   a. the Debtor's exempt interest in the improved real property at 701 Bay, Kemah Texas 77565 (the "Property") is limited by 11 U.S.C. § 522(p) to $146,450.00, and;

   b. due to the cap, none of the income generated by the Property is exempt and all such income shall be turned over to the estate.

Dated: January 24, 2013.

AGREED AS TO FORM AND SUBSTANCE:

| | |
|---|---|
| Janet S. Casciato-Northrup | Larry A. Vick |
| Chapter 7 Trustee | SBN 20563500 |
| 29th Floor | Suite 120 |
| 333 Clay | 908 Town & Country Blvd. |
| Houston, TX 77002 | Houston, TX 77024 |
| 713.759.0818 | 713.333.6440 |

TRUE COPY I CERTIFY
ATTEST:
DAVID J. BRADLEY, Clerk of Court
By                    Deputy Clerk