## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | Case No. 12-80534-H3-7 |
| | § | |
| Amelia V. Kelly | § | |
| | § | (Chapter 7) |
| Debtor | § | |

### STIPULATION REGARDING DEBTOR'S HOMESTEAD EXEMPTION

**PLEASE TAKE NOTICE** that in order to conserve judicial resources, to avoid the cost and delay associated with litigation and to clarify for the record and all parties-in-interest, the Debtor and the chapter 7 Trustee, Janet Casciato-Northrup agree and stipulate that:

    a. the Debtor's exempt interest in the improved real property at 701 Bay, Kemah Texas 77565 (the "Property") is limited by 11 U.S.C. § 522(p) to $146,450.00, and;

    b. due to the cap, none of the income generated by the Property is exempt and all such income shall be turned over to the estate.

Dated: January 24, 2013.

AGREED AS TO FORM AND SUBSTANCE:

Janet S. Casciato-Northrup
Chapter 7 Trustee
29th Floor
333 Clay
Houston, TX 77002
713.759.0818

Larry A. Vick
SBN 20563500
Suite 120
908 Town & Country Blvd.
Houston, TX 77024
713.333.6440

# EXHIBIT B

NO. _____

AMELIA V. KELLY,                                        IN THE DISTRICT COURT OF
        Plaintiff,

v.
                                                        GALVESTON, TEXAS
MATTHEW D. WIGGINS, JR.
   and D.L. HAMMAKER,
   Defendants                                          _____ JUDICIAL DISTRICT

EXHIBIT "B"

<u>AFFIDAVIT OF LARRY A. VICK</u>

BEFORE ME, the undersigned authority, on this day personally appeared Larry A. Vick, known to me to be the undersigned Affiant whose name is subscribed below, who, after having been duly sworn by me, upon his oath deposed and stated as follows:

1.      "My name is Larry A. Vick. I am over the age of twenty-one (21). I am of sound mind, capable of making this Affidavit, fully competent to testify to the matters stated herein, and I have personal knowledge of each of the matters stated herein all of which are true and correct.

2.      I am, and have continually been since 1973, an attorney licensed to practice in all courts in Texas. I represented Plaintiff Amelia V. Kelly in the relevant actions in bankruptcy court discussed in the Plaintiffs' Original Petition and Application for Temporary Restraining Order, and temporary and Permanent Injunction. I also represented Ms. Kelly in state court in Cause Nos. 13CV0167 and 11CV0325..

3.      Attached to this Affidavit are true and correct copies of the originals of the following documents:

        Exhibit B-1 — Stipulation Regarding Debtor's Homestead Exemption;

        Exhibit B-2 - Final Judgment in Cause No. 11CV0325;

        Exhibit B-3 — Wiggins Motion to Lift Bankruptcy Stay;

        Exhibit B-4 — Bankruptcy Court Order Modifying Stay;

        Exhibit B-5 — Ms. Kelly's Bankruptcy Discharge;

Exhibit B-6 – Ms. Kelly's Bankruptcy Schedule "C" claiming her homestead as exempt under the Texas Property Code and the Bankruptcy Code;

Exhibit B-7 – Wiggins Motion to Dismiss Bankruptcy Adversary for Lack of Subject matter Jurisdiction;

Exhibit B-8 – Bankruptcy Court's Order Dismissing Ms. Kelly's Adversary;

Exhibit B-9 – Temporary Restraining Order issued in Cause No. 13CV0167.

Exhibit B-10 – Order Dismissing Cause No. 13CV0167 for Lack of Jurisdiction.

4.   Ms. Kelly entered into the stipulation attached as Exhibit B-1 with the bankruptcy trustee.  Other than the monetary cap on equity exemption and income from potential use of her home at 701 Bay, Kemah, Texas as a business as well as a homestead, Ms. Kelly retained all her homestead protections.  The trustee, Janet Northrup, stated on the record at the Section 341a meeting of creditors that she "allowed the exemptions" as scheduled.

5.   Ms. Kelly claimed her home as her exempt homestead in her bankruptcy schedules. See Exhibit B-6.  Defendant Wiggins had the opportunity to challenge her claim and failed to do so.  No one challenged Ms. Kelly's claim to her home being her exempted homestead, which is only limited by the monetary cap stipulated to with the bankruptcy trustee.  Ms. Kelly received her bankruptcy discharge on April 29, 2013 without any objections and has no case or matter pending in bankruptcy court."

FURTHER AFFIANT SAYETH NOT.

Larry A. Vick, Affiant

**SUBSCRIBED and SWORN TO BEFORE ME,** the undersigned authority, by the said Larry A. Vick on this the 31st day of October, 2013, to certify which witness my hand and seal of office.

KATHERINA J. MAY
MY COMMISSION EXPIRES
April 8, 2017

_____
NOTARY PUBLIC, STATE OF TEXAS

_____
PRINTED NAME OF NOTARY

# EXHIBIT B-1

01/24/2013  03:43  7139847682                LARRYVICK                 #2019 P.001/001

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | Case No. 12-80534-H3-7 |
| | § | |
| Amelia V. Kelly | § | |
| | § | (Chapter 7) |
| Debtor | § | |

### STIPULATION REGARDING DEBTOR'S HOMESTEAD EXEMPTION

**PLEASE TAKE NOTICE** that in order to conserve judicial resources, to avoid the cost and delay associated with litigation and to clarify for the record and all parties-in-interest, the Debtor and the chapter 7 Trustee, Janet Casciato-Northrup agree and stipulate that:

    a. the Debtor's exempt interest in the improved real property at 701 Bay, Kemah Texas 77565 (the "Property") is limited by 11 U.S.C. § 522(p) to $146,450.00, and;

    b. due to the cap, none of the income generated by the Property is exempt and all such income shall be turned over to the estate.

Dated:  January 24, 2013.

AGREED AS TO FORM AND SUBSTANCE:

| | |
|---|---|
| Janet S. Casciato-Northrup | Larry A. Vick |
| Chapter 7 Trustee | SBN 20563500 |
| 29th Floor | Suite 120 |
| 333 Clay | 908 Town & Country Blvd. |
| Houston, TX  77002 | Houston, TX  77024 |
| 713.759.0818 | 713.333.6440 |

TRUE COPY I CERTIFY
ATTEST:
DAVID J. BRADLEY, Clerk of Court
By _____
Deputy Clerk

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | Case No. 12-80534-H3-7 |
| | § | |
| Amelia V. Kelly | § | |
| | § | (Chapter 7) |
| Debtor | § | |

## STIPULATION REGARDING DEBTOR'S HOMESTEAD EXEMPTION

**PLEASE TAKE NOTICE** that in order to conserve judicial resources, to avoid the cost and delay associated with litigation and to clarify for the record and all parties-in-interest, the Debtor and the chapter 7 Trustee, Janet Casciato-Northrup agree and stipulate that:

    a.  the Debtor's exempt interest in the improved real property at 701 Bay, Kemah Texas 77565 (the "Property") is limited by 11 U.S.C. § 522(p) to $146,450.00, and;

    b.  due to the cap, none of the income generated by the Property is exempt and all such income shall be turned over to the estate.

Dated:  January 24, 2013.

AGREED AS TO FORM AND SUBSTANCE:

Janet S. Casciato-Northrup
Chapter 7 Trustee
29th Floor
333 Clay
Houston, TX  77002
713.759.0818

Larry A. Vick
SBN 20563500
Suite 120
908 Town & Country Blvd.
Houston, TX  77024
713.333.6440

# EXHIBIT B-2



Doryn Danner Glenn
CLERK DISTRICT COURT
FILED
JUN 2 2 2012
GALVESTON COUNTY TEXAS
BY_____
DEPUTY

CAUSE NO. 11CV0325

AMELIA V. KELLY, §  IN THE DISTRICT COURT
   *Plaintiff* §
    §
V. §  122nd JUDICIAL DISTRICT
    §
MATTHEW D. WIGGINS, JR. and §
D.L. HAMMAKER, §
   *Defendants* §  GALVESTON COUNTY, TEXAS

## FINAL JUDGMENT

BE IT REMEMBERED that on the 13th day of February, 2012, came on to be heard the above captioned cause; and Plaintiff, AMELIA V. KELLY appeared in person and through his attorneys and announced ready for trial; Defendants, MATTHEW D. WIGGINS, JR. and D. L. HAMMAKER, appeared in person and by their attorneys, and announced ready for trial; whereupon, a jury was impaneled and sworn, and it heard the evidence and arguments of counsel. In response to the jury charge, the jury made following findings that the Court received, filed and entered of record on February 17, 2012.

### QUESTION NO. 1

Did Amy Kelly and Matt Wiggins intend to bind themselves to an agreement that included the following terms:

 a) Wiggins would provide not less than $400,000.00 to fund the purchase and renovation of the property; and

 b) Kelly would be paid $5,000.00 per month to supervise the renovations; and

 c) Wiggins and Kelly would share profits and losses from 701 Bay on the basis of 60% to Wiggins and 40% to Kelly with a mutual right of control of the business

Answer "Yes" or "No".

ANSWER: NO

11 – CV – 0325
DCJUFJV
Judgment – Final – Jury Verdict – OCA
425482

## QUESTION NO. 8

What is a reasonable fee for the necessary services of Amy Kelly's attorneys, state in dollars and cents?

ANSWER:     $50,000.00

## QUESTION NO. 9

What is a reasonable fee for the necessary services of Matt Wiggins and Dale Hammaker's attorneys, state in dollars and cents?

ANSWER:     $50,000.00

To answer "Yes" to any part of the following questions, your answer must be unanimous. You may answer "No" to any part of the following question only upon a vote of ten or more jurors. Otherwise, you must not answer that part of the following question.

## QUESTION NO. 10

Do you find from clear and convincing evidence that Matt Wiggins committed fraud against Amy Kelly?

Fraud occurs when:

a.     The party makes a material misrepresentation, and

b.     The misrepresentation is made with knowledge of its falsity or made recklessly without any knowledge of the truth and as a positive assertion, and

c.     The misrepresentation is made with the intention that it should be acted on by the other party, and

d.     The other party relies on the misrepresentation and thereby suffers injury

Misrepresentation means:

a.     a promise of future performance made with an intent, at the time the promise was made, not to perform as promised.

"Clear and convincing evidence" means the measure or degree of proof that produces a

firm belief or conviction of the truth of the allegations sought to be established.

Answer "Yes" or "No".

ANSWER:     NO

## QUESTION NO. 13

As of June 19, 2009, was it Amy Kelly's intent to reside at 701 Bay?

If you find that Amy Kelly owned no other real estate, intent may be implied by statements to other parties and by overt acts of preparation evidencing the intention.

Answer "Yes" or "No".

ANSWER:     YES

## QUESTION NO. 14

Did Matt Wiggins wrongfully convert the personal property of Amy Kelly?

Conversion is the unauthorized and wrongful assumption and exercise of dominion and control over the personal property of another to the exclusion of, or inconsistent with, the owner's rights.

To establish a claim for conversion of personal property, a plaintiff must prove that:

(1)     the plaintiff owned or had legal possession of the property or entitlement to possession;

(2)     the defendant unlawfully and without authorization assumed and exercised dominion and control over the property to the exclusion of, or inconsistent with, the plaintiffs rights as an owner;

(3)     the plaintiff demanded return of the property; and

(4)     the defendant refused to return the property.

Answer "Yes" or "No".

ANSWER:     NO

---

### QUESTION NO. 15

Did the negligence, if any, of Amy Kelly proximately cause loss of her personal property?

Answer "Yes" or "No".

ANSWER:      YES

### QUESTION NO. 17

What sum of money, if paid now in cash, would reimburse Matt Wiggins for all amounts spent by him to purchase, preserve, and improve the property?

Answer in dollars and cents, if any.

ANSWER:      $660,000.00

The Court considered the pleadings on file in this cause, the stipulations of the parties, and the findings of the jury, and being of the opinion that Plaintiff AMELIA V. KELLY is entitled to Judgment from and against the Defendant MATTHEW D. WIGGINS, JR. as follows:

It is **ORDERED, ADJUDGED,** and **DECREED,** that Plaintiff, AMELIA V. KELLY, recover Judgment from Defendant, MATTHEW D. WIGGINS, JR., and D. L. Hammaker declaring that the foreclosure conducted on January 5, 2010 is void and that title did not pass from Plaintiff AMELIA V. KELLY to Defendant MATTHEW D. WIGGINS, JR., and that all right, title and interest of MATTHEW D. WIGGINS, JR. in and to the property (hereafter referred to as the "Subject Property") described as follows:

> A tract of land located in Galveston County, Texas, legally described as Lot Six (6), in Block Five (5), of the Town of Kemah, Formerly known as Evergreen, a subdivision in Galveston County, Texas, according to the map or plat thereof recorded in Volume 204, Page 258 and transferred to Volume 14, Page 62, of the Map

of Records, both in the Office of the County Clerk of Galveston County, Texas (hereinafter the "Property")

remains vested in Plaintiff, AMELIA V. KELLY.

It is further **ORDERED, ADJUDGED AND DECREED** that the Subject Property is free and clear of any liens and claims of any party to this cause, subject only to (1) a lien against the Property created by this Judgment in favor of Defendant MATTHEW D. WIGGINS, JR. in the amount of $660,000.00 found by the jury for the purchase, preservation and improvement of the property, (2) any other liens of record that were otherwise valid and existing on January 5, 2010, which remain outstanding at the time of Judgment, and (3) the reimbursement rights of Defendant MATTHEW D. WIGGINS for property taxes that have been paid by MATTHEW D. WIGGINS since the verdict was delivered in this case on February 13, 2012, which were not included in the amount found by the jury for the purchase, preservation and improvement of the property.

It is further **ORDERED, ADJUDGED AND DECREED** that Plaintiff, AMELIA V. KELLY, shall have all such Writs and Orders as shall become, in Plaintiff's behalf, necessary to enforce the execution hereof, and to recover title and possession to the Subject Property and title in fee simple to the Property is hereby quieted in the name of Plaintiff, AMELIA V. KELLY and Defendant MATTHEW D. WIGGINS is divested of all right, title and interest in the Property.

It is further **ORDERED, ADJUDGED AND DECREED** that Plaintiff AMELIA V. KELLY have and recover attorneys' fees pursuant to Tex. Civ. Prac. & Rem. Code §37.009, which the Court finds to be equitable and just, in the amount of $50,000.00 against Defendant MATTHEW D. WIGGINS, JR.

It is further **ORDERED, ADJUDGED AND DECREED** that Defendant MATTHEW D. WIGGINS, JR. have and recover attorneys' fees pursuant to Tex. Civ. Prac. & Rem. Code

§37.009, which the Court finds to be equitable and just, in the amount of $50,000.00 against Plaintiff AMELIA V. KELLY.

All relief not specifically granted herein is denied. This is a Final Judgment disposing of all issues and all parties, and is appealable.

SIGNED this 22 day of June, 2012

John Ellison

JUDGE PRESIDING

**APPROVED AS TO FORM ONLY:**

/s/ Larry A. Vick/
_____
LARRY A. VICK
Texas Bar No. 20563500
908 Town & Country Blvd., Suite 120
Houston, Texas 77024
(713) 333-6440
(713) 984-7682 [Fax]

LAW OFFICE OF TOM F. COLEMAN

/s/ Tom F. Coleman/
_____
Tom F. Coleman
State Bar No. 04572000
tfc@tfclaw.com
211 Norfolk, Suite 528
Houston, Texas 77098
(713) 523-2800
(713) 523-2804 – fax

ATTORNEYS FOR PLAINTIFF,
AMELIA V. KELLY

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded on this the 14th day of June, 2012, by U.S. Mail, hand delivery, electronic delivery and/or through facsimile to:

Timothy A. Beeton,
Simpson & Beeton
2200 Market Street, Suite 801
Galveston, Texas 77550
Attorneys for Defendants

/s/Larry A. Vick/
_____

Larry A. Vick



EXHIBIT B-3

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| AMELIA VICTORIA KELLY | § | CASE NO. 12-80534 |
| | § | CHAPTER 13 |
| | § | |
| | § | |
| | § | |
| | § | JUDGE PAUL |

**EMERGENCY MOTION FOR RELIEF FROM THE AUTOMATIC STAY
(REGARDING DEBTOR'S ALLEGED HOMESTEAD, AN OPERATING BED
& BREAKFAST KNOWN AS "THE CAPTAIN'S QUARTERS IN KEMAH,
TEXAS" ) LOCATED AT 701 BAY AVENUE, KEMAH, TEXAS 77565, FILED
BY SECURED JUDGMENT CREDITOR MATTHEW WIGGINS, JR.**
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

THIS IS A MOTION FOR RELIEF FROM THE AUTOMATIC STAY. IF IT IS GRANTED,
THE MOVANT MAY ACT OUTSIDE OF THE BANKRUPTCY PROCESS. IF YOU DO
NOT WANT THE STAY LIFTED, IMMEDIATELY CONTACT THE MOVING PARTY TO
SETTLE. IF YOU CANNOT SETTLE, YOU MUST FILE A RESPONSE AND SEND A
COPY TO THE MOVING PARTY AT LEAST 7 DAYS BEFORE THE HEARING. IF YOU
CANNOT SETTLE, YOU MUST ATTEND THE HEARING. EVIDENCE MAY BE
OFFERED AT THE HEARING AND THE COURT MAY RULE.

EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE
MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS
TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE
THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD
FILE AN IMMEDIATE RESPONSE.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

THERE WILL BE A HEARING ON THIS MATTER ON **NOVEMBER 16, 2012 AT 10:00
A.M., 601 ROSENBERG, 6TH FLOOR COURTROOM, GALVESTON, TEXAS.**

   Matt Wiggins ("Movant") hereby moves this Court to grant him relief from the automatic

stay and in support thereof would respectfully show the Court as follows:

861000/00001/00040678.DOCX 1          - 1 -

## EXPEDITED NATURE OF MOTION AND VERIFICATION

1.      The verification required under BLR 9013 is found at the end of this document. Emergency consideration is requested due to the highly unique circumstances of having an operating business (Captain's Quarters Bed and Breakfast) owned by the Movant subject to the automatic stay/turnover demand.

2.      On the evening of October 23, 2012, Amelia Victoria Kelly (the "Debtor") filed a voluntary petition under Chapter 13 of the Bankruptcy Code.   The Debtor's petition is one commonly referred to as a "bare bones" petition as no schedules, statements, or other required documents were filed with the clerk.  This dispute turns on possession of a large, six bedroom, renovated Galveston County property currently doing business as Captain's Quarter's Bed and Breakfast.   Significantly, the property is filled with valuable furnishings owned by Movant. Additional detail of the business is available at http://www.captainsquarterskemah.com/.  **See Exhibit A.**

3.      This bankruptcy case is essentially a two-party dispute resolved by a Galveston County jury last summer.

        a.   The jury denied Debtor's fraud and conversion claims against Movant but awarded her title to the property (subject to the judgment and lien described in the next following paragraph) after determining Movant's foreclosure was technically flawed.

4.      Debtor filed the bankruptcy on the eve of foreclosure on the Property enforcing the $660,000 judgment and lien awarded to Movant by the Galveston jury for improvements made to the property.

5.      Debtor now demand turnover of the Property and has filed and adversary proceeding for turnover of the Property (Adversary No. 12-8013).  The Debtor has no legal claim to the furnishings purchased by the Movant and located within the business.

6.      Based on Debtor's trial testimony, Debtor is paid $10 per hour on a contract basis. It is not conceivable that she can pay the debt service on the approximately $1.7 million of debt secured by the real property[1] at issue, much less taxes and insurance.

7.      Further, Debtor does not qualify under the debt limitations for chapter 13 bankruptcy.

8.      Finally, the Debtor has no equity in the property that secures the indebtedness. The Property is not necessary for reorganization, and Movant is not adequately protected.

## BLR 4001(f)(2)(B) EXCEPTIONAL CIRCUMSTANCES

9.      The following exceptional circumstances are present, which circumstances except movant from the requirement to use the "Consumer Lift Stay Motion" forms promulgated by the Court:  (1) Movant's loan to Debtor was entirely commercial in nature; (2) The real property at issue is an operating bed and breakfast in a home in Galveston County, Texas, operated by the Movant.

## JURISDICTION

10.     The Court has jurisdiction of this matter pursuant to 28 U.S.C. §1334.

11.     This is a core proceeding under 28 US.C. § 157(b)(2)(A) and (G).

---

[1]      Debtor, through counsel, argues that the property is encumbered by no more than $700,000; i.e., that Texas Citizen Bank's lien is not secured.   This position overlooks that a bona fide mortgagee is is entitled to the same protections as a bona fide purchaser. *Noble Mortgage & Investments, LLC v D&M Vision Investments, LLC*, 340 S.W. 3d 65, 75 (Tex. App. – Houston [1st Dist.] 2011, no pet.).

## FACTUAL BACKGROUND

12.     In 2009, Debtor owed the real property at 701 Bay Avenue, Kemah, Texas 77565 (the "Property"). The Property was encumbered by a mortgage in the amount of approximately $700,000. The Debtor has never resided at the Property.

13.     In 2009, Movant supplied Debtor with construction financing for the Property secured by a second lien. Debtor eventually defaulted on the construction financing.

14.     On January 5, 2010, Movant conducted a non-judicial foreclosure.

15.     After taking possession of the Property post-foreclosure, Movant refinanced the first lien (prior indebtedness) on the Property and executed a $1 million note and deed of trust in favor of Texas Citizens Bank.

16.     That refinancing paid off $706,212.78 in previous debt owed by Debtor and secured by the Property.

17.     On February 23, 2011, Debtor filed suit against the Movant for wrongful foreclosure in the 122nd Judicial District of Galveston County, Texas. She also alleged fraud and conversion of personal property.

18.     On June 22, 2012, the 122nd Judicial District Court:

        i)      Denied Debtor's fraud claims;

        ii)     Denied Debtor's conversion claims;

        iii)    Found the Debtor's negligence caused the loss of her personal property;

        iv)    Entered judgment for wrongful foreclosure and declaring title remains with Debtor ; and

v)      Awarded the Movant a judgment of $660,000, plus ad valorem

taxes paid by the Movant after February 13, 2012, which is secured

by a lien on the Property,

19.     A copy of the judgment is attached and marked **Exhibit B**.   A copy of the

Original Deed of Trust for the benefit of the Movant is attached hereto as **Exhibit C**.

20.     On October 15, 2012, pursuant to the judgment and the Movant's lien rights,

Movant transmitted notice of foreclosure for a November 6, 2012 foreclosure.

21.     After business hours on October 23, 2012, Debtor filed a petition for chapter 13

bankruptcy relief.

22.     Debtor made demand for immediate possession of the Property.

23.     The Property is a fully furnished, six bedroom bed and breakfast.   All of the

personal property inside the Property belongs to the Movant.

24.     Value of collateral.   Movant's estimate of the current value of its collateral is

approximately 1,000,000.00 in total value.

25.     Lack of equity.   The Debtor has no equity in the above-described property.   As

described above, the Property is subject to the $660,000 judgment lien and the approximate

million dollar mortgage and deed of trust held by Texas Citizens Bank. Further, the above-

described property is not necessary for an effective reorganization.

26.     Lack of insurance.   On information and believe, the Debtor is not maintaining

adequate insurance on the above-described property.

27.     Taxes. On information and belief, Debtor is not setting aside on a monthly basis

adequate funds to pay annual ad valorem taxes.

        v)        Awarded the Movant a judgment of $660,000, plus ad valorem taxes paid by the Movant after February 13, 2012, which is secured by a lien on the Property,

19.      A copy of the judgment is attached and marked **Exhibit B**.  A copy of the Original Deed of Trust for the benefit of the Movant is attached hereto as **Exhibit C**.

20.      On October 15, 2012, pursuant to the judgment and the Movant's lien rights, Movant transmitted notice of foreclosure for a November 6, 2012 foreclosure.

21.      After business hours on October 23, 2012, Debtor filed a petition for chapter 13 bankruptcy relief.

22.      Debtor made demand for immediate possession of the Property.

23.      The Property is a fully furnished, six bedroom bed and breakfast.  All of the personal property inside the Property belongs to the Movant.

24.      <u>Value of collateral</u>.  Movant's estimate of the current value of its collateral is approximately 1,000,000.00 in total value.

25.      <u>Lack of equity</u>.  The Debtor has no equity in the above-described property.  As described above, the Property is subject to the $660,000 judgment lien and the approximate million dollar mortgage and deed of trust held by Texas Citizens Bank. Further, the above-described property is not necessary for an effective reorganization.

26.      <u>Lack of insurance</u>.  On information and believe, the Debtor is not maintaining adequate insurance on the above-described property.

27.      <u>Taxes</u>. On information and belief, Debtor is not setting aside on a monthly basis adequate funds to pay annual ad valorem taxes.

**COMPLIANCE WITH B.L.R. 4001(a)(6)**

28.    <u>Pay history</u>.    Post-judgment, Debtor has paid Movant nothing so there is no payment history to attach.

29.    <u>Loan document</u>.    The promissory note and deed of trust in favor of Texas Citizens Bank is attached and marked **Exhibit D & E**, respectively.

**ARGUMENT & AUTHORITY**

**A.    "Cause" for Stay Relief under § 362(d)(1).**

30.    The facts of this case evidence numerous grounds which independently establish sufficient "cause" for granting Movant's immediate relief from the automatic stay. Congress specifically identified lack of adequate protection as sufficient cause requiring relief from the automatic stay.   In this case, the Debtor lacks equity in the collateral, and due to the insurance and tax problems described above, Movant is not adequately protected.   11 U.S.C. § 362(d)(1). Second, Movant is not adequately protected as to the valuable personal property within the bed & breakfast located at the Property that belongs to the Movant.

31.    Further, Congress "made clear that cause under section 362(d)(1) was not limited to lack of adequate protection." *Farmers & Merchant's Bank & Trust v. Trail West*, 28 B.R. 389, 394 (D.S.D. 1983), citing H.R. Rep. No. 95-595, U.S. Code Cong. Admin. News 1978, p. 5787. "Because there is not clear definition of what constitutes cause,' discretionary relief from the stay must be determined on a case by case basis." *MacDonald v. MacDonald (In re MacDonald)*, 755 F.2d 715, 717 (9th Cir. 1985). In this matter, besides lack of adequate protection, there are numerous other facts which independently establish "cause" entitling the Movant to immediate relief from the automatic stay.

**B.    Debtor's "Bad Faith" is Additional "Cause" for Stay Relief under §362(d)(1).**

32.     Bad faith can constitute "cause. *See Matter of Little Creek Development Co., 779 F.2d 1068, 1072 (5th Cir. 1986) Little Creek Development Co.* has been identified as the leading case discussing the factors demonstrating bad faith. Relevant factors are present in the instant case.  Significantly, the courts have emphasized that not all of the factors need be present in order to find "bad faith".  *In re Walter,* 108 B.R. 244, 247 citing *In re Can-Alta Properties,* 87 B.R. 89, 91, and *Little Creek Development,* 779 F.2d 1068, 1072-73.

33.     Numerous reported decisions have adopted the analysis of *Little Creek Development,* identifying several reoccurring nonexclusive fact patterns which evidence "bad faith". The factors include: (1) the debtor has one asset, such as a tract of undeveloped or developed real property; (2) the secured creditor's lien encumbers the property; (3) there are generally no employees except for the principals; (4) there is little or no cash flow, and no available sources of income to sustain a plan of reorganization or adequate protection payments; (5) typically there are only a few, if any, unsecured creditors; (6) the property has usually been posted for foreclosure because of arrearage on the debt; (7) debtor is involved in essentially a one-party dispute with secured creditor; and (8) bankruptcy offers the only possibility for stalling loss of the property. *See Little Creek Development,* 779 F.2d 1068, 1072-73; *In re Walter,* 108 B.R. 244 , 247; *In re Can-Alta Properties, Ltd.* 87 B.R. 89 , 91; *In re Arnold,* 806 F.2d 937 , 939; and *In re Yukon Enterprises, Inc.* 39 B.R. 919 , 921; *In re Sherwood Enterprises, Inc.,* 112 B.R. 165, 169 (Bankr. S.D. Tex. 1989)(Among the factors that evidenced bad faith was that "the dispute is essentially a two-party dispute. "[T]he bankruptcy filing ha[d] been used as a litigation tactic in what is essentially a two-party dispute." "Use of the bankruptcy process as a litigation tactic is abuse of the reorganization process constituting a lack of good faith in filing....").

34.     Here, the following factors are present: (1) this case is a classic two-party dispute, coming in the wake of state court litigation -- Debtor has dismissed her state court appeal and has opted to substitute appellate relief with the automatic stay; (2) the Movant has a lien on the property; (3) the Property was posted for foreclosure immediately before the bankruptcy filing: (3) based upon the Debtor's trial testimony, there appears to be no reliable source of income to fund a plan, pay for insurance or property taxes, or make adequate protection payments as the Debtor has no payment advices or any other evidence of payment from any employer for the past 60 days (see Doc. # 3); (4) bankruptcy is the last possibility for stalling the Debtor's loss of the Property.

**C.     326(d)(2) Debtor Has No Equity and Property Not Necessary to an Effective Reorganization.**

35.     The property at 701 Bay is secured by $1.7 million in aggregate indebtedness. The value of the Property is approximately $1,000,000.00.   Thus, there is no equity in the Property.   Moreover, based on Debtor's trial testimony, there is no plausible reason to believe that she can generate enough income to (i) pay taxes, (ii) carry property insurance, and (iii) pay debt service.

36.     In addition, the Property is not necessary for an effective reorganization.   11 U.S.C. 362(d)(2).   There is no reason that the Debtor needs to live in a renovated six bedroom bed and breakfast in order to regain her financial footing.   The Debtor has no source of reliable income sufficient to fund a meaningful plan, The courts have uniformly held that a debtor's reorganization must be feasible and that its prospects for reorganization must be based on more than speculative assumptions and projections, or illusory or visionary schemes. *See Home Federal Savings & Loan Assn. v. Grantsville Hotel Assoc. (In re Grantsville Hotel Assoc.),* 103 B.R. 509, 511 (Bankr. D. Del. 1989); *In re Grand Sports, Inc.,* 86 B.R. 975) ("Mere financial

pipe dream is not sufficient to meet the requirements of section 362(d)(2)... In the same fashion, sincerity, honesty, willingness and visionary promises will not support a conclusion that there is a reasonable possibility of a successful reorganization.") (*quoting In re Jug End Berkshires,* 46 B.R. 892, 902 (Bankr. D. Mass. 1985); *Sutton v. Bank One, Texas National Association (In re Sutton),* 904 F.2d 327, 330-31 (5th Cir. 1990) (when debtor had no income and was in arrears on tax payments, debtor's optimism was not enough); *In re Diplomat Electronics Corp.,* 82 B.R. 688, 692 (Bankr. S.D.N.Y. 1988) (Relief must be granted because "[t]he debtors' hopes and aspirations for reorganization, although well-intended, have not been supplemented by any showing that a reorganization is possible, let alone reasonably likely within a reasonable period of time.");

37.     Finally, the indebtedness secured by the Property exceeds the amount allowed in section 109(e) for chapter 13 debtors.

## PRAYER

Matt Wiggins prays that the Court grant him relief from the automatic stay pursuant to section 362(d) of the Bankruptcy Code.

DATED:  October 29, 2012.

Respectfully submitted,

HOOVER SLOVACEK LLP


By:   /s/  T. Josh Judd
      ANNIE E CATMULL
      State Bar No. 00794932
      EDWARD L. ROTHBERG
      State Bar No. 17313990
      T. JOSH JUDD
      State Bar No. 24036866
      5847 San Felipe, Suite 2200
      Houston, Texas 77057
      Telephone: (713) 977-8686
      Facsimile: (713) 977-5395

ATTORNEYS FOR MATT WIGGINS, JR.


## Verification

The factual statements in paragraph 1 are true and correct within my own personal knowledge.  In my opinion, expedited consideration of the motion is required to avoid undue hardship to the parties.  I certify under penalty of perjury that the foregoing is true and correct.

/s/T. Josh Judd
T. Josh Judd


## CERTIFICATE OF CONFERENCE PURSUANT TO BLR 4001(a)(1)

The undersigned certifies that on October 25, 2012 I conferred with Debtor's counsel, Larry Vick, telephonically and via fax, in a good faith attempt to resolve attached request for relief.  No agreement has been reached.

/s/ Annie E. Catmull
Annie Catmull

## CERTIFICATE OF SERVICE

On October 29, 2012, I hereby certify that a true and correct copy of the foregoing MOTION FOR RELIEF FROM THE AUTOMATIC STAY (REGARDING DEBTOR'S ALLEGED HOMESTEAD) FILED BY SECURED CREDITOR MATT WIGGINS has been served via electronic mail and/or by first class regular mail, postage prepaid, as indicated below.

(1) **Debtor:**
    ----------------
    **Sent via U.S. First Class Mail**

(2)     **Counsel for Debtor**
    ------------------------
    **Sent via electronic notice from the U.S. Bankruptcy Clerk's Office to**
    _____

(3) **The United States Trustee**
    Office of the U.S. Trustee
    515 Rusk Avenue, Suite 3516
    Houston, Texas 77002
    **Sent via electronic notice from the U.S. Bankruptcy Clerk's Office to**
    USTPRegion07.HU.ECF@USDOJ.GOV

(3) **David G Peake**
    Chapter 13 Trustee
    9660 Hillcroft
    Suite 430
    Houston, TX 77096-3856
    **Sent via U.S. First Class Mail**

_/s/T. Josh Judd_____
        T. Josh Judd

# EXHIBIT B-4

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION



**ENTERED**
**11/28/2012**

|  |  |  |
|---|---|---|
| IN RE | ) | |
| | ) | |
| AMELIA V. KELLY, | ) | CASE NO. 12-80534-G3-13 |
| | ) | |
| Debtor, | ) | |
| | ) | |

<u>JUDGMENT</u>

Based on the separate Memorandum Opinion signed this same date, it is

ORDERED that, on the "Emergency Motion for Relief from the Automatic Stay (Regarding Debtor's Alleged Homestead, an Operating Bed & Breakfast Known as 'The Captain's Quarters in Kemah, Texas') Located at 701 Bay Avenue, Kemah, Texas 77565, Filed by Secured Judgment Creditor Matthew Wiggins, Jr." (Docket No. 13), the automatic stay is modified to permit both Wiggins and Debtor to exercise their rights and remedies under state law.

Signed at Houston, Texas on November 28, 2012.


LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT B-5

B18 (Official Form 18) (12/07)

# United States Bankruptcy Court

## Southern District of Texas

**Case No. <u>12−80534</u>**

**Chapter 7**

**In re** Debtor(s) (name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address):

    Amelia Victoria Kelly
    PO Box 1494
    Kemah, TX 77565

Social Security / Individual Taxpayer ID No.:
    xxx−xx−1028

Employer Tax ID / Other nos.:

## DISCHARGE OF DEBTOR

It appearing that the debtor is entitled to a discharge,

**IT IS ORDERED:**

The debtor is granted a discharge under section 727 of title 11, United States Code, (the Bankruptcy Code).

BY THE COURT

Dated: <u>4/29/13</u>

<u>Letitia Z. Paul</u>
United States Bankruptcy Judge

**SEE THE BACK OF THIS ORDER FOR IMPORTANT INFORMATION.**

B18 (Official Form 18) (12/07) − Cont.

# EXPLANATION OF BANKRUPTCY DISCHARGE
## IN A CHAPTER 7 CASE

This court order grants a discharge to the person named as the debtor. It is not a dismissal of the case and it does not determine how much money, if any, the trustee will pay to creditors.

## Collection of Discharged Debts Prohibited

The discharge prohibits any attempt to collect from the debtor a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor. *[In a case involving community property:* There are also special rules that protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.] A creditor who violates this order can be required to pay damages and attorney's fees to the debtor.

However, a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the debtor's property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case. Also, a debtor may voluntarily pay any debt that has been discharged.

## Debts That are Discharged

The chapter 7 discharge order eliminates a debtor's legal obligation to pay a debt that is discharged. Most, but not all, types of debts are discharged if the debt existed on the date the bankruptcy case was filed. (If this case was begun under a different chapter of the Bankruptcy Code and converted to chapter 7, the discharge applies to debts owed when the bankruptcy case was converted.)

## Debts That are Not Discharged

Some of the common types of debts which are <u>not</u> discharged in a chapter 7 bankruptcy case are:

a. Debts for most taxes;

b. Debts incurred to pay nondischargeable taxes;

c. Debts that are domestic support obligations;

d. Debts for most student loans;

e. Debts for most fines, penalties, forfeitures, or criminal restitution obligations;

f. Debts for personal injuries or death caused by the debtor's operation of a motor vehicle, vessel, or aircraft while intoxicated;

g. Some debts which were not properly listed by the debtor;

h. Debts that the bankruptcy court specifically has decided or will decide in this bankruptcy case are not discharged;

i. Debts for which the debtor has given up the discharge protections by signing a reaffirmation agreement in compliance with the Bankruptcy Code requirements for reaffirmation of debts; and

j. Debts owed to certain pension, profit sharing, stock bonus, other retirement plans, or to the Thrift Savings Plan for federal employees for certain types of loans from these plans.

**This information is only a general summary of the bankruptcy discharge. There are exceptions to these general rules. Because the law is complicated, you may want to consult an attorney to determine the exact effect of the discharge in this case.**

# EXHIBIT B-6

B6C (Official Form 6C) (4/10)

In re  **Amelia Victoria Kelly**                                                    Case No.   **12-80534**
                                                                                                          (If known)

## SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:        ☑ Check if debtor claims a homestead exemption that exceeds
(Check one box)                                                                        $146,450.*

☐  11 U.S.C. § 522(b)(2)
☑  11 U.S.C. § 522(b)(3)

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| 701 Bay, Kemah, Galveston County, Texas 77565 | Const. art. 16 §§ 50, 51, Texas Prop. Code §§ 41.001-.002 | $728,000.00 | $1,400,000.00 |
| Living Room: 2 sofas $300; 3 side chairs $150; 2 coffee tables $60; 3 end tables $45; 2 bookcases $200; 1 stereo $100; Misc. living room items $75; marble teak bench $200. | Tex. Prop. Code §§ 42.001(a), 42.002 (a)(1) | $1,130.00 | $1,130.00 |
| Kitchen & Dining Room: 4 small appliances $100; pots and pans $100; dishes and glassware $150; flatware $10; table with chairs $250; china cabinet $200; buffet $200; a GE front load washer and dryer $100. | Tex. Prop. Code §§ 42.001(a), 42.002 (a)(1) | $1,080.00 | $1,080.00 |
| 1st Bedroom: bed $100; 2 night stands $50; 2 lamps $30; 2 misc. other items $150. | Tex. Prop. Code §§ 42.001(a), 42.002 (a)(1) | $330.00 | $330.00 |
| 2nd Bedroom: bed $100; dresser $50; chest of drawers $25; misc. other items $50. | Tex. Prop. Code §§ 42.001(a), 42.002 (a)(1) | $225.00 | $225.00 |
| 3rd Bedroom: bed $100; dresser $50; night stand $25;  lamp $10. | Tex. Prop. Code §§ 42.001(a), 42.002 (a)(1) | $185.00 | $185.00 |
| 4th  Bedroom: bed $75. | Tex. Prop. Code §§ 42.001(a), 42.002 (a)(1) | $75.00 | $75.00 |
| Home office: 2 desks $500; 2 chairs $50; 2 filing chests $100; 2 computers $500; printer $50; 3 brief cases $25; office supplies $10. | Tex. Prop. Code §§ 42.001(a), 42.002 (a)(1) | $1,235.00 | $1,235.00 |
| * Amount subject to adjustment on 4/1/13 and every three years thereafter with respect to cases commenced  on or after the date of adjustment. | | $732,260.00 | $1,404,260.00 |

B6C (Official Form 6C) (4/10) -- Cont.

In re  **Amelia Victoria Kelly**                                      Case No.   **12-80534**
                                                                                              (If known)

## SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

*Continuation Sheet No. 1*

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| CD collection $30; books $20; 28 pictures $200; 15 DVDs $20; 42 art items, i.e. vases, statues, wall hangings $1,000. | Tex. Prop. Code §§ 42.001(a), 42.002 (a)(1) | $1,270.00 | $1,270.00 |
| Clothing: 10 slacks $20; 30 blouses $25; 4 suits $100; 4 dresses $50; 8 coats $50; 6 jackets $50; 25 pairs of shoes $50. | Tex. Prop. Code §§ 42.001(a), 42.002 (a)(5) | $345.00 | $345.00 |
| Jewelry: 25 pairs earrings $75; 6 rings $200; 5 bracelets $20; 15 necklaces $500. | Tex. Prop. Code §§ 42.001(a), 42.002 (a)(6) | $795.00 | $795.00 |
| 3 life jackets $30; 1 bike $100; 1 pair rollerblades $10; elipitcal machine $50; jogger $25; camera $25. | Tex. Prop. Code §§ 42.001(a), 42.002 (a)(8) | $250.00 | $250.00 |
|  | Tex. Prop. Code §§ 42.001(a), 42.002 (a)(1) | $0.00 |  |
| 2 dogs $20; 4 fish $2; frog $2. | Tex. Prop. Code §§ 42.001(a), 42.002 (a)(11) | $24.00 | $24.00 |
|  |  | $734,944.00 | $1,406,944.00 |

EXHIBIT B-7

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 12-80534 |
| AMELIA V. KELLY | § | CHAPTER 7 BANKRUPTCY |
| | § | |
| | § | |
| DEBTOR | § | |
| | § | |
| | § | |
| AMELIA V. KELLY | § | |
| PLAINTIFF | § | |
| | § | |
| V. | § | |
| | § | |
| MATTHEW WIGGINS, JR. | § | ADVERSARY NO. 12-08016 |
| DEFENDANT | § | |
| | § | |
| | § | |

**MATTHEW D. WIGGINS, JR.'S MOTION TO DISMISS FOR LACK OF SUBJECT
MATTER JURISDICTION UNDER RULE 12(B)(1) AND/OR FAILURE TO STATE A
CLAIM UNDER RULE 12(B)(6)  AND INCORPORATED MEMORANDUM OF LAW**

TO THE HONORABLE BANKRUPTCY JUDGE

  COMES NOW, MATTHEW D. WIGGINS, JR., ("Wiggins") the Defendant in the above

styled proceeding, and files this Motion to Dismiss Plaintiff's Complaint under Rule 12(b)(1)

and/or (6), and would respectfully show as follows:

### I. SUMMARY OF RELIEF REQUESTED

  1. The Rooker-Feldman doctrine deprives federal courts of subject matter

jurisdiction in "cases brought by state-court loser complaining of injuries caused by state-court

judgments rendered before the district court proceedings commenced and inviting district court

review and rejection of those judgments. *Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544

US 280, 284 (2005).  In addition, the Complaint fails to state a claim upon which relief can be granted.  Thus, this case should be dismissed.

## II. UNCONTROVERTED BACKGROUND FACTS

2.      This dispute turns on possession of a large, six bedroom, renovated Galveston County property currently doing business as Captain's Quarter's Bed and Breakfast located at 701 Bay, Kemah, Galveston County, Texas (the "Property").  The Property is currently subject to a lease agreement with Kemah Trading Company, Inc. (as tenant) and Mr. Wiggins as the landlord. Kemah Trading Company is an entity controlled by Mr. Wiggins.  Mr. Wiggins was granted a judgment and lien against the Property in the amount of $660,000 as a result of a Galveston County jury verdict in the 122nd Judicial District Court of Galveston County, Texas (the "Texas State Court Judgment").

3.      On or about August 26, 2006, Kelly purchased the Property from Royston Patterson and Pamela Patterson.  The purchase was financed through a mortgage in the amount of approximately $700,000 payable to First Franklin and secured by a deed of trust.  The only obligor on the First Franklin mortgage was the Plaintiff.  The Plaintiff never resided at the Property and never designated the Property as her homestead.  Shortly thereafter, Kelly deeded her interest in the Property to William Kelleher.  Kelleher was Ms. Kelly's boyfriend.  Kelleher and Kelly eventually had a falling out.

4.      In late June 2009, Mr. Wiggins supplied Debtor with financing for the Property secured by a second lien and deed of trust.  The Plaintiff used funds from Mr. Wiggins to buy-out Mr. Kelleher's interest in the Property.  The Property was then deeded back to the Plaintiff.  Plaintiff represented to Mr. Wiggins that she intended to renovate the Property and operate it as a

restaurant.  Plaintiff eventually defaulted on the financing and the Property was noticed for a non-judicial foreclosure.

5.      On January 5, 2010, Mr. Wiggins (through a trustee's sale) conducted a non-judicial foreclosure.

6.      After taking possession of the Property post-foreclosure, Mr. Wiggins completed the renovation of the Property and paid the monthly payments to the first lien holder (First Franklin).  Construction was completed in July/August 2010 and the Property began operating as Captain's Quarters Bed & Breakfast.

7.      In February 2011, Mr. Wiggins refinanced the (prior indebtedness) on the Property and executed a $1 million note and deed of trust in favor of Texas Citizens Bank.  The refinancing paid off $706,212.78 in previous debt owed by the Plaintiff to First Franklin (and secured by the Property).

8.      After the Property was refinanced (and over 13 months after the foreclosure), Plaintiff filed suit against Mr. Wiggins and Dale Hammaker for wrongful foreclosure in the 122nd Judicial District of Galveston County, Texas.  Plaintiff also alleged fraud and conversion of personal property against Mr. Wiggins.

9.      On June 22, 2012, the 122nd Judicial District Court:

  i)      Denied Plaintiff's fraud claims;

  ii)     Denied Plaintiff's conversion claims;

  iii)    Found the Plaintiff's negligence caused the loss of her personal property;

  iv)     Entered judgment for wrongful foreclosure and declaring title remains with the Plaintiff ; and

v)      Awarded Mr. Wiggins a judgment of $660,000, plus ad valorem taxes paid by Mr. Wiggins after February 13, 2012, which is secured by a lien on the Property.

10.      As described above, the Property is subject to the $660,000 judgment lien and the approximate million dollar mortgage and deed of trust held by Texas Citizens Bank. The monthly note payment to Texas Citizens Bank is in excess of $8,000.  Mr. Wiggins continues to pay the monthly note payment to Texas Citizens Bank, pay for insurance, and pay the ad valorem property taxes on the Property.

### III.  ARGUMENTS & AUTHORITY

**A.      No Subject Matter Jurisdiction.**

11.      Plaintiff requests relief from the Texas State Judgment by declaring that the "judgment is of no force and validity...."  The Rooker-Feldman doctrine provides that federal courts lack subject matter jurisdiction to review, modify, or nullify final orders of state courts. *Weekly v. Morrow*, 204 F.3d 613, 615 (5th Cir. 2000).  Congress has vested only the US Supreme Court with jurisdiction to review state court decisions. 28 U.S.C. § 1257.  The Rooker-Feldman doctrine deprives federal courts of subject matter jurisdiction in "cases brought by state-court loser complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments. *Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 US 280, 284 (2005).  The doctrine is also applied to issues that were raised or could have been raised in state court, as well as claims that are "inextricably intertwined" with the state court judgment.  *See Powell v. Powell*, 80 F.3d 464 466-471 (11 Cir. 1996); *Pennzoil Co. V. Texaco, Inc.*, 481 U.S. 1, 25 (1984) (Marshall, J., concurring, federal claim is "inextricably intertwined" when federal claim succeeds only to the

extent that the state court wrongly decided issues).   Thus, a federal court lacks subject matter jurisdiction when it is "in essence being called upon to review the state-court decision." *Davis v. Bayless*, 70 F.3d 367, 375 (5th Cir. 1995).

12.     In this case, the Plaintiff is requesting that this Court declare the Texas State Court Judgment invalid and void.   Because the Plaintiff expressly seeks to overturn the decision of the 122nd Judicial District Court of Galveston County, this Court lacks jurisdiction over the claims on their face under the *Rooker-Feldman* doctrine.   *See Rooker v. Fid. Trust Co.*, 44 S. Ct. 149, 149-150 (1923) (federal district court lacked jurisdiction to "reverse or modify" a state-court judgment, which plaintiffs sought by asking the court to declare the state judgment "null and void" and to obtain other relief dependent on that outcome").   Thus, this case must be dismissed.

    **B.       Failure to State a Claim.**

13.     Recent Supreme Court decisions have elaborated on the pleading standards for civil litigation. *See Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The Supreme Court emphasized two "working principles" underlying its decisions in *Iqbal* and *Twombly:* first, while a court must accept as true all factual allegations in a complaint, the court need not accept a complaint's legal conclusions as true; second, a complaint must state a "plausible claim for relief" in order to survive a motion to dismiss. *Iqbal*, 129 S.Ct. at 1949-50.

14.     After a passing conclusory statement in the Complaint that she seeks to contest the validity of liens under Article 16, Section 50(a)(6) of the Constitution of the State of Texas and Texas Property Code, Section 41.001, the Plaintiff offers absolutely no facts as to how Wiggins violated the Texas Constitution or the Texas Property Code.

15.     Conclusory allegations of law, inference unsupported by facts or formulaic recitation of the elements in the complaint will not defeat in FRCP 12(b)(6) motion. *Bell Atl. Corp. V. Twombly*, 550 U.S. 544, 555-56, 570 (2007); *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Circ.2002); *Moffet v. Halliburton Energy Services*, 291 F.3d 1227, 1231 (10th Cir. 2002). Accordingly, the Complaint should be dismissed.

## IV.  **CONCLUSION**

WHEREFORE, PREMISES CONSIDERED, Matthew D. Wiggins, Jr., respectfully requests that the Court dismiss the Complaint, and for all further relief that Mr. Wiggins may be entitled to in law or equity.

Dated:  December 18, 2012

Respectfully submitted,

HOOVER SLOVACEK LLP

By:   /s/  *T. Josh Judd*
      ANNIE E CATMULL
      State Bar No. 00794932
      EDWARD L. ROTHBERG
      State Bar No. 17313990
      T. JOSH JUDD
      State Bar No. 24036866
      5847 San Felipe, Suite 2200
      Houston, Texas 77057
      Telephone: (713) 977-8686
      Facsimile: (713) 977-5395

ATTORNEYS FOR MATTHEW D.  WIGGINS, JR.

## <u>CERTIFICATE OF SERVICE</u>

On December 18, 2012, I hereby certify that a true and correct copy of the foregoing has been served via electronic mail and/or by first class regular mail, postage prepaid, as indicated below.

(1)     **Plaintiff:**
        **Sent via U.S. First Class Mail:**
        Amelia Victoria Kelly
        P. O. Box 1494
        Kemah, TX 77565

(2)     **Counsel for the Plaintiff**
        **Sent via electronic notice from the U.S. Bankruptcy Clerk's Office**
        Larry A. Vick
        lv@larryvick.com

                                        */s/T. Josh Judd*_____
                                        T. Josh Judd

# EXHIBIT B-8



IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

**ENTERED**
**01/15/2013**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 12-80534 |
| AMELIA V. KELLY | § | CHAPTER 7 BANKRUPTCY |
| | § | |
| | § | |
| DEBTOR | § | |
| | § | |
| | § | |
| AMELIA V. KELLY | § | |
| PLAINTIFF | § | |
| | § | |
| V. | § | |
| | § | |
| MATTHEW D. WIGGINS, JR. | § | ADVERSARY NO. 12-08016 |
| DEFENDANT | § | |
| | § | |
| | § | |

## FINAL JUDGMENT

After considering the Motion to Dismiss filed by Matthew D. Wiggins, Jr., and any response filed, the Court hereby finds that the Motion should be granted, it is therefore

ORDERED and ADJUDGED that this cause filed by the Plaintiff Amelia V. Kelly against Defendant Matthew D. Wiggins, Jr., is DISMISSED WITH PREJUDICE.

This is a **FINAL JUDGMENT.**

DATE:

**JAN 1 5 2013**

_____
UNITED STATES BANKRUPTCY JUDGE

861021/00002/00043511.DOCX 1

EXHIBIT B-9

NO. 13CV0167

| | | |
|---|---|---|
| AMELIA V. KELLY, | § | IN THE DISTRICT COURT OF |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | GALVESTON, TEXAS |
| MATTHEW D. WIGGINS, JR. and | § | |
| D.L. HAMMAKER, | § | |
| Defendants | § | 212th JUDICIAL DISTRICT |

## TEMPORARY RESTRAINING ORDER AND
## ORDER SETTING HEARING FOR TEMPORARY INJUNCTION

**ON THIS DAY** came on to be considered the Application for Temporary Restraining

Order, and Application for Temporary and Permanent Injunction of Plaintiff Amelia V. Kelly,

against Defendants, Matthew D. Wiggins, Jr. and D.L. Hammaker. The Court after having

considered the Application and Request for Temporary Restraining Order, is of the opinion that

it should be **GRANTED**. It is therefore,

**ORDERED** that the Clerk of this Court issue a temporary restraining order restraining

Defendants, Matthew D. Wiggins, Jr. and D.L. Hammaker, their agents, servants, employees,

assigns and all persons or entities in active concert or participation with said Defendants who

receive actual notice of this order, from the following regarding the property known as 701 Bay

Avenue, Kemah, Galveston County Texas (the "Property"):

    a. Conducting the noticed trustee's sale upon the Property, as described therein, on
       Tuesday, February 5, 2013;

    b. Conducting any non-judicial foreclosure sale of the Property; and

    c. Posting, filing, or noticing a trustee's or substitute's sale of the Property.

**IT IS FURTHER ORDERED** that the Clerk shall issue notice to Defendants, Matthew

D. Wiggins, Jr. and D.L. Hammaker and inform Plaintiff's' counsel George May upon

preparation of the appropriate notice so that George May may effectuate service on Defendants,

Matthew D. Wiggins, Jr. and D.L. Hammaker, pursuant to Rule 103 of the Texas Rules of Civil

Procedure and serve citation upon Defendants, Matthew D. Wiggins, Jr. and D.L. Hammaker; it is further,

**IT IS FURTHER ORDERED** that the clerk shall set this temporary matter for hearing, before this Court on _Feb. 8,_____, 2013 at _9:00_ _A_ m. The purpose of this hearing is to determine whether, while this case is pending, the preceding temporary restraining order should be made a temporary injunction enjoining Defendants, Matthew D. Wiggins, Jr. and D.L. Hammaker, from:

    a. Conducting the noticed trustee's sale upon the Property, as described therein, on Tuesday, February 5, 2013;

    b. Conducting any non-judicial foreclosure sale of the Property; and

    c. Posting, filing, or noticing a trustee's or substitute's sale of the Property.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall, upon the filing of and by Plaintiff Amelia V. Kelly of the Bond hereinafter required, and upon approving the same according to law, issue a Temporary Restraining Order in conformity with the law and the terms of this Order.

Bond is set in the amount of $ _1000.00_. Prior to the Clerk of the Court issuing a Temporary Restraining Order, Plaintiff Amelia Kelly shall execute and file with the Clerk a Bond payable to Defendants, Matthew D. Wiggins, Jr. and D.L. Hammaker, approved and conditioned as required by law in the amount set forth above. This Order is therefore immediately effective. This Order shall expire on the _15TH_ day of _FEB,_____, 2013, at _5:00_ p.m.

**SIGNED** this 1st day of February, 2013.

_[signature]_

JUDGE PRESIDING

2

**APPROVED AND ENTRY REQUESTED:**

TWOMEY | MAY, PLLC

*/s/ George F. May*
GEORGE F. MAY
State Bar No. 24037050
2211 Norfolk, Suite 528
Houston, Texas 77098
(713) 659-0000
(713) 943-6810 [Telecopier]
george@twomeymay.com

Larry A. Vick
LAW OFFICES OF LARRY VICK
State Bar No. 05635000
908 Town & Country Blvd.
Suite 120
Houston, Texas 77024
(713) 333-6440
(713) 984-7682 Facsimile
lv@larryvick.com

Attorneys for Plaintiff Amelia V. Kelly

3



I, John D. Kinard, District Clerk and Custodian of Records for District Courts of Galveston, County, Texas do hereby certify that the foregoing is a true and correct copy of the original record, now in my lawful custody and filed in this office on the __1st__ day of __November__ __2013__ witness my official hand and seal of office this __4__ day of __November 2013__

JOHN D. KINARD, DISTRICT CLERK
Galveston County, Texas
By _____ Deputy